## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 1:21-cr-00226** |
| **Plaintiff,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **DAVIS LU,** | |
| | **CRIMINAL PRE-TRIAL ORDER** |
| **Defendant.** | |

**This case is scheduled for Trial on <u>July 12, 2021</u>.** The trial day will begin promptly at 9:00 a.m. and will conclude at approximately 4:30 p.m. Counsel must appear at 8:30 a.m. The trial will be held in the courtroom of United States District Judge Pamela A. Barker, located in Room 16A of the Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland Ohio, 44113. **The Final Pretrial Conference/Change of Plea is scheduled for <u>July 8, 2021</u> at 10:00 a.m. Lead Counsel and Defendants must be present at all proceedings unless excused by the Court upon written motion.**

1.  **Discovery**

It is the responsibility of counsel to notify the Court in writing immediately of any failure to provide discovery material. The Court will not continue a scheduled trial because of a failure to provide discovery.

2.  **Pretrial Motions**

Pretrial motions, including motions to suppress, shall be filed **14 days prior to the final pretrial.** Briefs in Opposition shall be filed **7 days prior to final pretrial. If required, a Suppression Hearing will be held on the date of the Final Pretrial.** Every motion shall be

supported by a substantial foundation, explicitly stated pursuant to Local Crim. Rule 12.1.  Counsel for the Government shall respond in writing to a motion to suppress.

3.      **Trial Briefs**

The following must be included in a trial brief which is to be submitted to the Court **one week prior to trial by no later than 4:00 p.m:**

a.      **Joint Preliminary Statement**.  Counsel for the parties shall confer in person and agree upon a concise written statement describing the case in an impartial, easily understood manner and submit it to the Court to be read to the jury panel prior to *voir dire*.  The statement will be used to set the context of the trial for the jury.

b.      **Stipulations**. Counsel for the parties are directed to confer in person, agree upon stipulations, and reduce them to writing.  Stipulations shall be signed by all counsel and    submitted to the Court.

c.      **Jury Instructions**. A joint set of jury instructions identifying the following:

i) instructions agreed upon by all counsel with supporting legal authority; and

ii) instructions in dispute with the party proposing the instruction stating supporting reasons and legal authority, and the party objecting to the instructions stating supporting reasons and legal authority.

No proposed jury instruction will be considered by the Court unless it has been submitted in compliance with these provisions, except that request for instructions that could not reasonably have been anticipated may be submitted during trial.

2

Counsel must also provide one agreed upon jury instructions to the Court on a cd rom. The Court is equipped with Microsoft Word. When submitting the cd rom to the Court, counsel are advised to alert the security guard and avoid the x-ray machine to avoid accidental erasure.

**The Court intends to adhere as closely as possible to pattern criminal jury instructions issued by the Sixth Circuit and the Federal Judicial Center.**

**d.** **A list of *voir dire* questions**. Counsel are directed to submit to the Court, in writing, a list of proposed *voir dire* questions.  Counsel should confer in person and, to the extent  possible, agree upon a complete set of *voir dire* questions. The Court will conduct initial *voir dire* of the panel and of individual panel members. The Court will thereafter allow one counsel for each party to question briefly individual panel members on relevant issues not addressed by the Court.

**e.** **Memoranda.**  Counsel for the parties are directed to submit to the Court appropriate memoranda, with citations to legal authority, in support of evidentiary questions and any other legal issues which may reasonably be anticipated to arise at trial.

**f.** **Estimate of Length of Trial**.  Counsel are directed to submit the Court an estimate of the length of trial.

**4.** **Witness Lists**

Counsel shall provide witness lists to the Court no later than **seven days prior to trial**.  The witness lists shall provide a brief description and purpose of each witness to be offered. Each attorney shall have a continuing obligation to supplement the party's witness list immediately upon learning of any additional witness. Witnesses not identified prior to trial shall not be permitted to testify at trial, absent a showing of good cause. This rule applies to lay witnesses as well as to expert witnesses.

3

5.    **Exhibits**

Counsel shall exchange demonstrative evidence, such as models or sketches, no later than two days prior to the date of trial.  All exhibits must be marked before trial in accordance with Local Criminal Rule 23.2.

The Court is using new technology to facilitate the viewing of exhibits by jurors. Each party must submit all exhibits on a single storage device such as a CD, DVD, or USB drive. A separate CD or USB drive should be provided for Plaintiffs' Exhibits, Defendants' Exhibits, and any Joint Exhibits. Each party must send the exhibits to the Court, Chambers 16A, such that the Court is guaranteed to receive the exhibits by no later than **two days before trial.**

The Exhibit Files must be renamed using a naming convention similar to:<exhibit number>-<exhibit part>_<exhibit description>.<file extension>. The exhibit number MUST be a number. Exhibits with subparts can be so designated using a letter for the exhibit part. The use of the "underscore" character is required when an optional description of the exhibit is included and cannot be used elsewhere in the exhibit name.

Example listing of valid exhibit file names:

1-a_photograph.jpg12_2009

Tax Statement.pdf

35d.pdf

12(a)_camera footage.wmv

Any questions regarding the naming conventions for the electronically stored exhibits should be directed to David Zendlo at (216) 357-7053.

4

To maintain consistency between the electronic and the paper exhibits, BOTH PARTIES SHALL LABEL THEIR EXHIBITS WITH NUMBERS. Counsel shall mark all exhibits before trial with official or similar stickers. Exhibits shall be labeled with the party followed by the exhibit number (e.g., "Plaintiff 1", "Def 2", or "P 3"). The case number shall also appear on the stickers.

In addition to electronically submitting exhibits, Counsel shall submit to the Court two (2) hard copies of all proposed exhibits, contained in two separate binders, along with an index (Appendix B) containing a brief description of each exhibit on the morning the commences.

The Court will not allow exhibits to be given to the jury during trial without prior Court approval.  If the Court approves such a request, a copy for each juror must be provided so that all jurors may view the exhibit simultaneously. Exhibits that are not identified and exchanged prior to trial shall not be introduced at trial, absent a showing of good cause.

**6.**     **Objections to Witnesses or Exhibits**

Counsel are directed to confer with each other to resolve any objections to witnesses or exhibits that they may have.  Objections to a proposed witness or exhibit that have not been resolved among counsel shall be filed with the Court no later than **three (3) days prior to trial**.  Such objections shall include a brief statement setting forth reasoning why the proposed witness or exhibit should not be permitted or admitted, as well as specific citations to pertinent case law or other legal authority.

5

7.   **Continuances**

No party shall be granted a continuance of a trial or hearing without a written motion from the party or counsel stating the reason for the continuance. The continuance must be endorsed in writing by all parties and their lead counsel of record. The parties must propose no less than three (3) alternative dates for both the final pretrial and trial that are agreeable to all participants. The Court will not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached thereto.

8.   **Electronic Courtroom**

Any party that wishes to familiarize themselves with the presentation equipment and other technology available for use in the courtroom prior to trial, should contact the Courtroom Deputy at 216-357-7240 no later than one week before trial to schedule a time to visit the courtroom. If the party will require technological assistance with any of the equipment, they should also contact the Court's technology advisors to ensure that someone will be available during the scheduled time to assist with the set-up and use of any equipment, or any other technological issues that may arise.

**IT IS SO ORDERED.**


_S/ Pamela A. Barker_
PAMELA A. BARKER
Date:  May 4, 2021                                     U. S. DISTRICT JUDGE

6