IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:21-cr-226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO CONTINUE PRETRIAL
MOTION DEADLINE, FINAL PRETRIAL, AND JURY TRIAL**

AND NOW comes the Defendant, Davis Lu, by and through undersigned counsel, Friedman & Nemecek, L.L.C., and makes the within Motion to Continue and extend the relevant proceeding dates and, in support thereof, avers as follows:

1. A sealed Indictment was filed against the Defendant on April 1, 2021, alleging the following offense, *to wit*: one (1) count of Intentionally Damaging Protected Computer(s) in violation of 18 U.S.C. § 1030(1)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B)(i). (Doc. No. 1). The Defendant was arrested in Houston, Texas, on April 14, 2021, and appeared in court that same day. The Defendant was granted an appearance bond (Doc. No. 5-4) and ordered released subject to various terms and conditions. (Doc. No. 5-6).

2. The Defendant appeared with counsel for an arraignment hearing on May 4, 2021. At that time, the Defendant entered a plea of "Not Guilty" to the foregoing charge. The Court accepted the plea and ordered that the previously imposed bond conditions remain in effect.

3. Since the commencement of the case, undersigned counsel worked diligently to find a qualified expert witness with experience and training in the specific coding languages and software programs relevant to the instant matter. After being told by multiple agencies and

professionals that a witness with the necessary experience would be difficult to find, counsel finally retained an expert on or about July 1, 2021.

4. The undersigned immediately met with this expert and provided him with all the relevant documents and materials in their possession. After a careful review of all these documents, as well as several discussions with undersigned counsel and Mr. Lu, the expert witness provided counsel with a list of additional documents and materials necessary to complete his evaluation.

5. According to the expert, these materials and documents are crucial to rendering a comprehensive and accurate opinion concerning the allegations underlying the instant case. In essence, without these documents, the expert cannot competently determine and/or opine as to whether the alleged system errors were intentionally caused by Mr. Lu's conduct – as posited by the Government – or were instead attributable to some other internal or external factors.

6. Because the company is the sole source of these materials, the undersigned asked the Government to assist with requesting the items in lieu of serving a criminal subpoena. The Government directed counsel to provide a list of the additional materials so that it could discuss the same with the company.

7. On or about August 12, 2021, counsel communicated these requests to AUSA Riedl. AUSA Riedl confirmed that the additional information would need to be obtained from the company, and that he was awaiting a response about whether this information was available and how long it would take to obtain.

8. On or about August 27, 2021, the undersigned filed an Unopposed Motion to Continue Pretrial Motion Deadline, Final Pretrial and Jury Trial on the basis that additional time was needed for the Government to obtain said additional information and for Mr. Lu's expert to

review the additional information once it is provided. The Motion noted that the defense expert would need to conduct independent testing and/or analysis of some of the electronic evidence that is at issue in this case. Moreover, after completing such examination(s), the expert would need to analyze the evidence and consult with the undersigned concerning potential issues and/or defenses based upon the examination. The expert will then need to generate a report and provide it to defense counsel for use in preparing any pretrial Motions and in anticipation of any expert testimony that may be required prior to or during trial in this case. As counsel explained, once these additional materials are provided, it will take the expert an additional six (6) weeks to complete his review, analysis, and report

9. On August 27, 2021, this Honorable Court Ordered a continuance so that undersigned counsel could obtain the additional discovery from the company, through AUSA Riedl and/or AUSA Deckert, for their expert to conduct independent testing and/or analysis of the materials to formulate an opinion, generate an expert report and/or otherwise assist with preparing a defense to the charges herein at issue, including the filing of any pretrial motions that may be warranted. This Honorable Court set the Final Pretrial Conference for November 23, 2021, and the Jury Trial for December 1, 2021.

10. In exchange for providing the requested information, the company requested that a Protective Order be issued to ensure that the information remain confidential. To that end, undersigned counsel worked with the Government to draft an Order that would protect the interest of the company, while providing the undersigned with the necessary access and information. On October 20, 2021, the United States filed an Unopposed Motion for Protective Order, which this Honorable Court granted the following day.

11. Following the issuance of the Order, the Government worked to obtain the requested documents and materials from the company. On November 10, 2021, the Government provided said items to the defense.

12. As was previously represented, it will take the defense expert witness at least six (6) weeks to complete his review, analysis, and report of this newly received discovery. As such, undersigned counsel submits that a further continuance of the final pretrial and trial dates is needed in order to complete its review the discovery materials, determine the completeness of the additional information, and to prepare an effective defense to the allegations.

13. Reviewing the evidence and consulting with an expert witness are essential to a determination as to any potential defenses that Defendant might have at trial, including whether certain pretrial motions pertaining to the forensic evidence are warranted and/or necessary. Because these tasks cannot be completed prior to the deadlines set forth in the Trial Order, the undersigned requests that the Court continue the pretrial motion deadline as well as the final pretrial and trial hearings.

14. In light of the complexity of this case, the voluminous discovery materials and the need for further review and investigation, it is respectfully submitted that additional time is needed and that the ends of justice are served in granting this request. The Defendant thus acknowledges that the extension of time caused by this continuance constitutes excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq*. Furthermore, counsel submits that Defendant's right to due process of law and effective representation outweigh the best interest of the public and the Defendant to a speedy trial, 18 U.S.C. § 3161(h)(7)(A), since, for the reasons stated herein, the failure to grant such continuance would deny counsel for Defendant reasonable time necessary

for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv).

15. The Defendant respectfully submits that the instant continuance is sought for the above-stated reasons and not for purposes of undue burden or delay. Moreover, the undersigned maintains that Defendant is not at fault in causing any delay. Since the arraignment, the undersigned has worked diligently in its representation of the Defendant. Counsel promptly served the Government with a request for additional discovery in early August of 2021. Despite the parties' best efforts to expedite the litigation of this case, these items were not obtained and/or delivered to the defense until November 10, 2021. Counsel is in the process of making arrangements for the defense expert to begin their comprehensive review and analysis of the recently provided discovery materials. The undersigned will continue to make all reasonable efforts to expedite this litigation.

16. Counsel has discussed the instant request with AUSA Deckert, who indicated that the Government does not oppose a continuance of these proceedings.

**WHEREFORE**, the Defendant, Davis Lu, hereby respectfully renews his request that this Honorable Court continue the presently scheduled pretrial Motion deadline, final pretrial, and trial dates so as to allow counsel the opportunity to adequately review the recently-provided evidence, permit the Expert Witness to review and/or analyze the materials, and file any pretrial Motions that are warranted in this case.

        Respectfully submitted,

        DAVIS LU
        By counsel

Dated: November 16, 2021       /s/ *Eric Nemecek*
        ERIC C. NEMECEK (0083195)
        IAN N. FRIEDMAN (0068630)
        Counsel for Defendant
        Friedman & Nemecek, L.L.C.
        1360 East 9th Street, Suite 650
        Cleveland, Ohio 44114
        P: (216) 928-7700
        F: (216) 820-4659
        E: ecn@fanlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was filed by CM/ECF on the 16th day of November, 2021, which will send a notification of such filing electronically to the following: Daniel Riedl, Assistant United States Attorney, 801 Superior Avenue, Cleveland, OH 44113.

Respectfully submitted,

/s/ *Eric Nemecek*
ERIC C. NEMECEK
IAN N. FRIEDMAN
Counsel for Defendant