IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:21-cr-226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO CONTINUE PRETRIAL
MOTION DEADLINE, FINAL PRETRIAL, AND JURY TRIAL**

AND NOW comes the Defendant, Davis Lu, by and through undersigned counsel, Friedman & Nemecek, L.L.C., and makes the within Motion to Continue and extend the relevant proceeding dates and, in support thereof, avers as follows:

1. A sealed Indictment was filed against the Defendant on April 1, 2021, alleging the following offense, *to wit*: one (1) count of Intentionally Damaging Protected Computer(s) in violation of 18 U.S.C. § 1030(1)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B)(i). (Doc. No. 1). The Defendant was arrested in Houston, Texas, on April 14, 2021, and appeared in court that same day. The Defendant was granted an appearance bond (Doc. No. 5-4) and ordered released subject to various terms and conditions. (Doc. No. 5-6).

2. The Defendant appeared with counsel for an arraignment hearing on May 4, 2021. At that time, the Defendant entered a plea of "Not Guilty" to the foregoing charge. The Court accepted the plea and ordered that the previously imposed bond conditions remain in effect.

3. As the Court is aware, the Indictment alleges that the Defendant intentionally caused his former employer's ("Corporation") server to crash by uploading malicious code onto the Corporation's network. The undersigned has retained an expert witness to assist with preparing

a defense to these allegations. In order to render an opinion as to whether the Defendant is responsible for damaging his former employer's system, the expert needs to review countless lines of code, log files and programs, all of which are highly technical and complex.

4. The undersigned has provided the Government with numerous requests for specific evidentiary items that the defense needs in order to fully investigate this matter and prepare a defense to the allegations. The Government has been working diligently with the Corporation to locate, extract, and upload the requested discovery materials. Given the complexity of their systems and the sheer volume of materials, this process can often take weeks or months to complete, resulting in further delays to an already time-consuming process.[1]

5. In some instances, the Corporation no longer possesses the particular items requested by the defense. Accordingly, counsel has been forced to obtain said materials from other sources, including through the issuance of Subpoenas. Because these materials are similar in nature to those requested from the Corporation, the process of identifying, extracting, and uploading the items is extremely time-consuming.[2]

---

[1] As an example, the undersigned sent a letter to Assistant United States Attorney Brian Deckert ("AUSA Deckert") in July of 2022 requesting the production of certain electronic correspondences of the Defendant and other employees of the Corporation. AUSA Deckert immediately communicated said request to the Corporation. The Corporation is still working to identify and extract documents that are responsive to the undersigned's request.

[2] For instance, on or about September 19, 2022, counsel issued a Subpoena *duces tecum* to a company that provides technical support to the victim/Corporation. Since that time, the undersigned has had numerous conversations with the company's in-house counsel to clarify the nature and scope of the requested materials and to address certain logistical concerns related to the protection of proprietary information. While it appears as though these issues have been resolved, the amount of time and effort devoted to obtaining the evidence – which is needed in order to prepare a defense – is representative of the general complexities surrounding the allegations that the Defendant is facing.

6. Counsel submits that additional items may need to be requested in order to adequately and effectively prepare a defense in this case. However, that determination can only be made once the undersigned has received – and had an opportunity to review – the discovery materials that have not yet been provided.

7. Furthermore, the defense's expert needs to review certain electronic devices that contain material evidence concerning the allegations set forth in the Indictment. The Government has agreed to make mirror image copies of the electronic devices and provide the same to the defense so that the expert witness can conduct an independent forensic examination. Even if the hard drives can be provided in the coming weeks, the defense's expert will be unable to thoroughly examine the devices – and discuss his opinions with the undersigned – prior to the currently scheduled trial date. Likewise, counsel will not have sufficient time to prepare any pretrial Motions that may be warranted based upon the expert's independent forensic examination.

8. Once all discovery materials have been exchanged, reviewed, and/or forensically analyzed, the defense's expert intends prepare a report, which will then be disclosed to the Government in accordance with counsel's discovery obligations and this Honorable Court's Trial Order. In light of the outstanding discovery and remaining investigative tasks, however, the expert will be unable to prepare a report within the timeframe required by Rule and/or this Court's Trial Order.

9. The undersigned and the Government have also been working to coordinate a meeting to discuss the allegations and evidence, as well as the defense expert's conclusions, in an effort to determine whether this matter can be resolved without the need for a trial. After the meeting, counsel anticipates that the Government may need additional time to consult with an independent

expert as well as the Corporation in order to properly evaluate the information shared by the defense. Before the meeting can be scheduled or conducted, however, the defense first needs to complete its investigation, which includes obtaining and reviewing certain discovery materials that are presently outstanding and conducting an independent forensic examination of the electronic devices that were seized in this case.

10. Reviewing the evidence and consulting with an expert witness are essential to determining any potential defenses that Defendant might have at trial, including whether certain pretrial Motions pertaining to the forensic evidence are warranted and/or necessary. Additionally, the parties have agreed to meet in an effort to determine whether the matter can be resolved without the need for a trial. Because these tasks cannot be completed prior to the deadlines set forth in the Trial Order, the undersigned requests that the Court continue the pretrial Motion deadline as well as the final pretrial hearing and trial.

11. In light of the complexity of this case, the voluminous discovery materials, and the need for further review and investigation, it is respectfully submitted that additional time is required and that the ends of justice are served in granting this request. The Defendant thus acknowledges that the extension of time caused by this continuance constitutes excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq*. Furthermore, counsel submits that Defendant's right to due process of law and effective representation outweigh the best interest of the public and the Defendant to a speedy trial, 18 U.S.C. § 3161(h)(7)(A), since, for the reasons stated herein, the failure to grant such continuance would deny counsel for Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv).

12. The Defendant respectfully submits that the instant continuance is sought for the above-stated reasons and not for purposes of undue burden or delay. Moreover, the undersigned maintains that Defendant is not at fault in causing any delay. Since the arraignment, the undersigned has worked diligently in representing the Defendant, including promptly serving discovery requests and subpoenas, retaining an expert witness, and making arrangements for a forensic examination of certain electronic devices that were seized during the course of the investigation. Counsel will continue to make all reasonable efforts to expedite this litigation.

13. The undersigned has discussed the instant request with AUSA Deckert, who indicated that the Government does not oppose a continuance of these proceedings.

**WHEREFORE**, the Defendant, Davis Lu, hereby respectfully requests that this Honorable Court continue the presently scheduled pretrial motion deadline, final pretrial, and trial dates so as to allow counsel sufficient time to complete its investigation and prepare for trial.

Respectfully submitted,

DAVIS LU
By counsel

Dated: November 4, 2022

/s/ *Eric Nemecek*
ERIC C. NEMECEK (0083195)
IAN N. FRIEDMAN (0068630)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion was filed by CM/ECF on the 4th day of November, 2022, which will send a notification of such filing electronically to the following: Brian Deckert, Assistant United States Attorney, 801 Superior Avenue, Cleveland, OH 44113.

                                        Respectfully submitted,

                                        /s/ *Eric Nemecek*
                                        ERIC C. NEMECEK
                                        IAN N. FRIEDMAN
                                        Counsel for Defendant