IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:21-cr-226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO CONTINUE
FINAL PRETRIAL AND JURY TRIAL**

AND NOW comes the Defendant, Davis Lu, by and through undersigned counsel, Friedman, Nemecek & Long, L.L.C., and makes the within Motion to Continue and extend the relevant proceeding dates and, in support thereof, avers as follows:

1. A sealed Indictment was filed against the Defendant on April 1, 2021, alleging the following offense, *to wit*: one (1) count of Intentionally Damaging Protected Computer(s) in violation of 18 U.S.C. § 1030(1)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B)(i). (ECF No. 1). The Defendant was arrested in Houston, Texas, on April 14, 2021, and appeared in court that same day. The Defendant was granted an appearance bond (ECF No. 5-4) and ordered released subject to various terms and conditions. (ECF No. 5-6).

2. The Defendant appeared with counsel for an arraignment hearing on May 4, 2021. At that time, the Defendant entered a plea of "Not Guilty" to the foregoing charge. The Court accepted the plea and ordered that the previously imposed bond conditions remain in effect.

3. As the Court is aware, the Defendant is alleged to have intentionally caused his former employer's server to crash by uploading malicious code onto the company's system. The undersigned has retained an expert witness to assist with preparing a defense to these allegations.

In order to render an opinion as to whether the Defendant is responsible for damaging his former employer's system, the expert needs to review countless lines of code, log files, and programs, all of which are highly technical and complex.

4. The undersigned has provided the Government with numerous requests for specific evidentiary items that the defense needs in order to fully investigate the allegations and to prepare and present a defense. The Government has been working diligently with the Corporation to locate, extract, and upload the requested discovery materials. Given the complexity of their systems and the sheer volume of materials, this process can often take weeks or months to complete, resulting in further delays to an already time-consuming process.[1]

5. In some instances, the Corporation no longer possesses the particular items requested by the defense. Accordingly, counsel has been forced to obtain said materials from other sources, including through the issuance of Subpoenas. Because these materials are similar in nature to those requested from the Corporation, the process of identifying, extracting, and uploading the items is extremely time-consuming.[2]

---

[1] As an example, the undersigned sent a letter to AUSA Deckert in July of 2022 requesting the production of certain electronic correspondences of the Defendant and other employees of the Corporation. AUSA Deckert immediately communicated said request to the Corporation. Earlier this week, the undersigned was advised that the relevant materials have been identified and are in the process of being extracted from the Corporation's system. Once the materials have been extracted and produced, counsel and the defense expert will need to review the evidence, which is expected to be voluminous.

[2] For instance, on or about September 19, 2022, counsel issued a Subpoena *duces tecum* to a company that provides technical support to the victim/Corporation. Since that time, the undersigned has had numerous conversations with the company's in-house counsel to clarify the nature and scope of the requested materials and to address certain logistical concerns related to the protection of proprietary information. While the company did provide the documents to counsel, the amount of time and effort devoted to obtaining the evidence, which is needed in order to prepare a defense, is representative of the general complexities underlying the allegations that the Defendant is facing.

6. Counsel submits that additional items may need to be requested in order to adequately and effectively prepare a defense in this case. However, that determination can only be made once the undersigned has received – and had an opportunity to review – the discovery materials that have not yet been obtained or provided, including the electronic correspondences and materials heretofore discussed. Furthermore, in light of the allegations at issue in this case, these materials are likely to have significant bearing on the defense expert's ultimate conclusions.

7. Once all discovery materials have been exchanged, reviewed, and/or forensically analyzed, the defense's expert intends to prepare a report, which will then be disclosed to the Government in accordance with counsel's discovery obligations and this Honorable Court's Trial Order. In light of the outstanding discovery and remaining investigative tasks, however, the expert will be unable to prepare a report within the timeframe required by Rule and/or this Court's Trial Order.

8. The undersigned and the Government have also scheduled a meeting on May 5, 2023, to discuss the allegations and evidence, as well as the defense expert's opinion, in an effort to determine whether this matter can be resolved without the need for a trial. After the meeting, counsel anticipates that the Government will need additional time to consult with an independent expert as well as the Corporation in order to properly evaluate the information shared by the defense.

9. Reviewing the evidence and consulting with an expert witness are essential to determining any potential defenses that Defendant might have at trial, including whether certain pretrial Motions pertaining to the forensic evidence are warranted and/or necessary. Additionally, the parties are scheduled to meet in the coming weeks in an effort to determine

whether the matter can be resolved without the need for a trial. Because these tasks cannot be completed prior to the deadlines set forth in the Trial Order, the undersigned requests that the Court continue the final pretrial hearing and trial.

10. In light of the complexity of this case, the voluminous discovery materials, and the need for further review and investigation of the forthcoming discovery disclosure, it is respectfully submitted that additional time is required and that the ends of justice are served in granting this request. The Defendant thus acknowledges that the extension of time caused by this continuance constitutes excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq*. Furthermore, counsel submits that Defendant's right to due process of law and effective representation outweigh the best interest of the public and the Defendant to a speedy trial, 18 U.S.C. § 3161(h)(7)(A), since, for the reasons stated herein, the failure to grant such continuance would deny counsel for Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv).

11. The Defendant respectfully submits that the instant continuance is sought for the above-stated reasons and not for purposes of undue burden or delay. Moreover, the undersigned maintains that Defendant is not at fault in causing any delay. Since the arraignment, the undersigned has worked diligently in representing the Defendant, including promptly serving discovery requests and subpoenas, retaining an expert witness, and making arrangements for a forensic examination of certain electronic devices that were seized during the course of the investigation. Counsel will continue to make all reasonable efforts to expedite this litigation.

12. The undersigned has discussed the instant request with AUSA Deckert, who indicated that the Government does not oppose a continuance of these proceedings.

**WHEREFORE**, the Defendant, Davis Lu, hereby respectfully requests that this Honorable Court continue the presently scheduled final pretrial and trial dates so as to allow counsel sufficient time to complete its investigation and prepare for trial.

                                              Respectfully submitted,

                                              DAVIS LU
                                              By counsel

Dated: April 20, 2023                  */s/ Eric Nemecek*
                                              ERIC C. NEMECEK (0083195)
                                              IAN N. FRIEDMAN (0068630)
                                              Counsel for Defendant
                                              Friedman, Nemecek & Long, L.L.C.
                                              1360 East 9th Street, Suite 650
                                              Cleveland, Ohio 44114
                                              P: (216) 928-7700
                                              F: (216) 820-4659
                                              E: ecn@fanlegal.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion was filed by CM/ECF on the 20th day of April, 2023, which will send a notification of such filing electronically to the following: Brian Deckert, Assistant United States Attorney, 801 Superior Avenue, Cleveland, OH 44113.

                                      Respectfully submitted,

                                      */s/ Eric Nemecek*
                                      ERIC C. NEMECEK
                                      IAN N. FRIEDMAN
                                      Counsel for Defendant