IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR226 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | MOTION FOR FED. R. CRIM. P. 17(C) |
| DAVIS LU, | ) | SUBPOENA TO ARCHIVE.ORG |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Rebecca C. Lutzko, United States Attorney, and Brian S. Deckert and Daniel J. Riedl, Assistant United States Attorneys, and hereby respectfully moves the Court to order the production of certain records from Archive.org, such as archived website records from the Internet Archive's Wayback Machine, per Rule 17(c) of the Federal Rules of Criminal Procedure. The government respectfully recommends a return date of no later than 11/22/2024.

I.  **REQUIREMENTS FOR PRETRIAL PRODUCTION UNDER RULE 17(C)**

Federal Rule of Criminal Procedure 17(c) provides in part that:

A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Courts have uniformly applied the test approved in United States v. Nixon, 418 U.S. 683 (1974) that:

[I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in

>advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Nixon, 418 U.S. at 699-700.  See, e.g., United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir. 1990); United States v. Gonzalez-Acosta, 989 F.2d 384, 389 (10th Cir. 1993). The Supreme Court in Nixon summarized the moving party's burden as clearing the three hurdles of relevancy, admissibility, and specificity.  418 U.S. at 700.

## II.     FACTUAL PREDICATE FOR THE REQUESTED SUBPOENA

Archive.org maintains historical records of websites on the internet, including the time period during which the events described in the indictment occurred.  The government is seeking historical records of internet websites that the Defendant searched and viewed during the alleged offenses.  The content of these websites is probative of the Defendant's intent.  The requested records are likely to supply evidence concerning the Defendant's intent and are relevant and material to the investigation and prosecution of the present offense.  Archive.org will not release the records without a subpoena.

The records as described satisfy the Nixon "relevancy, admissibility, and specificity" test in that they are (1) evidentiary and relevant to the Defendant's intent; (2) cannot be obtained by other means in advance of trial; (3) will assist in preparation for trial and will enable the government to process the documents as trial exhibits; and (4) are sought in good faith and not as part of a fishing expedition.  A proposed Order and a copy of the requested subpoena are attached.

Should the Court grant this Application, the government will disclose all documents returned by Archive.org to defense counsel as it receives those items.

                Respectfully submitted,

                REBECCA C. LUTZKO
                United States Attorney

By:   /s/ Brian S. Deckert
       Brian S. Deckert (OH: 0071220)
       Daniel J. Riedl (OH: 0076798)
       Assistant United States Attorneys
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3873/3669
       (216) 685-2378 (facsimile)
       Brian.Deckert@usdoj.gov
       Daniel.Riedl@usdoj.gov