IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 1:21-cr-226 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR RELEASE
ON BAIL PENDING SENTENCING**

Now comes the Defendant, by and through undersigned counsel, Friedman, Nemecek, Long & Grant, L.L.C., and hereby respectfully requests that this Honorable Court release him on bail pending the sentencing hearing.  The Defendant so moves pursuant to 18 U.S.C. § 3143 as well as the Bail Reform Act.  Reasons in support of the instant request are set forth more fully in the Memorandum in Support, which is attached hereto and incorporated herein by express reference.

Respectfully submitted,

Dated: March 12, 2025

/S/ Eric C. Nemecek
Eric C. Nemecek (0083195)
Ian N. Friedman (0068630)
Counsel for Defendant
Friedman Nemecek Long & Grant, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com
E: inf@fanlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was filed by CM/ECF on the 12th day of March, 2025, which will send a notification of such filing electronically to the following: Brian Deckert, Assistant United States Attorney, 801 Superior Avenue, Cleveland, OH 44113.

Respectfully submitted,

*/S/ Eric C. Nemecek*

ERIC C. NEMECEK
IAN N. FRIEDMAN
Counsel for Defendant

2

# MEMORANDUM IN SUPPORT

## FACTS AND PROCEDURAL HISTORY

A sealed Indictment was filed against the Defendant, Davis Lu ("Mr. Lu"), on April 1, 2021, alleging the following offense, *to wit*: one (1) count of Intentionally Damaging Protected Computer(s) in violation of 18 U.S.C. § 1030(1)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B)(i). (ECF No. 1).  Mr. Lu was arrested in Houston, Texas, on April 14, 2021, and appeared in court that same day.  He was granted an appearance bond (ECF No. 5-4) and ordered released subject to various terms and conditions. (ECF No. 5-6).

Mr. Lu appeared with counsel for an arraignment hearing on May 4, 2021. At that time, he entered a plea of "Not Guilty" to the foregoing charge. The Court accepted the plea and ordered that the previously imposed bond conditions remain in effect.

After a lengthy discovery exchange and numerous meetings between the parties, the matter proceeded to trial on February 24, 2025.  Following the conclusion of all testimony and arguments from the parties, the jury returned a verdict of Guilty to the sole Count of the Indictment.  Thereafter, the Government moved the Court to detain Mr. Lu pending sentencing pursuant to 18 U.S.C. § 3143.  This Court issued a temporary Order of detention and directed defense counsel to submit a Motion in support of release on or before March 12, 2025.

## MR. LU'S PROPOSED CONDITIONS OF RELEASE

The undersigned recognizes that the determination and imposition of conditions of release is subject to the discretion of this Honorable Court.  Likewise, counsel submits that Mr. Lu is amenable to any terms or conditions that the Court would deem appropriate in this case.  However, Mr. Lu submits that the following proposed conditions of supervision would sufficiently reduce or eliminate any perceived risk of flight or danger should the Court order his release pending sentencing.

Mr. Lu and his wife, Haiyan Pan, would reside at their home in Houston, Texas, which is located at 13518 Durbridge Trail Drive.[1]  The couple has lived at that residence for the past five (5) years, including the entire duration of this case.  Haiyan, who is a fully naturalized United States citizen, would serve as a third-party custodian. Likewise, Mr. Lu and Haiyan are offering to pledge their residence as collateral[2] to further ensure that Mr. Lu obeys all terms and conditions of release and appears at the sentencing hearing.

Mr. Lu would also be placed on a term of electronic home confinement as a condition of his release with the added requirement that he report to an assigned Pretrial Services Officer as directed.  Furthermore, Mr. Lu would be prohibited from

---

[1] In response to the Government's request for detention, the undersigned expressed Mr. Lu's willingness to obtain housing in the Northern District of Ohio as a condition of his release.  Mr. Lu remains amenable to such a condition and would agree to secure said living arrangements if the Court determines the same to be a necessary precondition to release pending sentencing.

[2] Upon information and belief, Mr. Lu and Haiyan own the residence, which is not encumbered by any liens or mortgages.

4

obtaining a passport or similar documentation that could be used to facilitate international travel.

Lastly, in addition to the standard conditions of release, Mr. Lu is amenable to whatever heightened supervision that this Honorable Court deems appropriate or necessary.

## LAW AND ARGUMENT

**I.    THERE IS CLEAR AND CONVINCING EVIDENCE THAT MR. LU IS UNLIKELY TO FLEE OR POSE A DANGER TO OTHERS OR THE COMMUNITY IF RELEASED ON BAIL PENDING SENTENCING.**

**A.    Release is Appropriate Under 18 U.S.C. § 3143(a)(1).**

Pursuant to 18 U.S.C. 3143(a), the Court can order that Mr. Lu be released from custody pending sentencing if it finds, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* 18 U.S.C. § 3143(a).  In the context of the Bail Reform Act of 1984, "clear and convincing evidence" has been described as "something more than 'preponderance of the evidence,' and something less than 'beyond a reasonable doubt.'" *United States v. Chimurenga*, 760 F.2d 400, 405 (2nd Cir. 1985).  For a conclusion to be supported by clear and convincing evidence, it must be supported by the evidence to a high degree of certainty. *Id.*

18 U.S.C. § 3142(g) identifies four (4) factors that are relevant to the court's determination as to whether release on bail is appropriate, *to wit*: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and

5

characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g); *see also United States v. Vance*, 851 F.2d 166, 169-170 (6th Cir. 1988) (noting that among factors the district court should consider in determining whether to grant a convicted defendant's motion for release pending sentencing are those factors enumerated in 18 U.S.C. § 3142(g) governing pretrial release).

Furthermore, the Bail Reform Act permits courts to assess a defendant's risk for flight or dangerousness against the backdrop of specific conditions of release it plans to impose.  For instance, 18 U.S.C. § 3142(c) provides that where a court is concerned that releasing a person on personal recognizance "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the court may impose conditions of release, including release to a third-party custodian. *See* 18 U.S.C. § 3142(c)(B)(i).  That custodian must be "able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger" to the community. *Id.*  Additionally, the third-party custodian must agree to supervise the defendant and to report any violation of a release condition to the court. *Id.*

As discussed more fully *infra*, considering the evidence relating to these factors, clear and convincing evidence demonstrates that, if released subject to said conditions, Mr. Lu poses a minimal risk of flight or danger to the community.

1.      **Nature and Circumstances of the Offense**

In the matter *sub judice*, Mr. Lu was convicted of one (1) Count of Intentionally Damaging a Protected Computer in violation of 18 U.S.C. § 1030(a)(5)(A).  Without denigrating the crime or the purported damage that resulted from its commission, the undersigned submits that the nature of the offense does not, in and of itself, support the conclusion that Mr. Lu poses a danger to others or the community if released on bail pending the sentencing hearing in this case.  Part of the 18 U.S.C. § 3142(g) inquiry into the nature and circumstances of the offense includes considering "whether the offense is a crime of violence." *See* 18 U.S.C. § 3142(g)(1).  Importantly, 18 U.S.C. § 1030(a)(5)(A) is not considered a crime of violence.

Likewise, there is no legitimate basis for concern that Mr. Lu would – or is likely to – cause any additional damage to the victim or others if he were released on bail pending the sentencing hearing.  The offense was allegedly committed in August and September of 2019 against Mr. Lu's former employer, which is nearly six (6) years ago.  There is nothing to suggest that Mr. Lu has had any contact with his former employer since his termination in October of 2019, nor is there any reason to believe that he poses a danger of causing any additional harm to said employer – or anyone else – should he be released at this juncture.

Moreover, Mr. Lu has been aware of these allegations – *and the reality of consequence should he be convicted* - since September of 2019.  At no point in time did Mr. Lu leave the United States or otherwise attempt to evade these proceedings, including

before or after a formal Indictment was returned in April of 2021.  To the contrary, Mr.

Lu has remained in the United States where he has maintained gainful employment

with Oceaneering International for the past five-and-a-half (5 ½) years.  Additionally,

Mr. Lu has no criminal history apart from this case.

In total, there is nothing about the nature and circumstances of the offense

indicating that Mr. Lu poses a risk of flight or a danger to the community if he were

released on bail pending sentencing.

### 2.    Weight of the Evidence

The "weight of the evidence" referenced in 18 U.S.C. § 3142(g) pertains to the

weight of the evidence of dangerousness and/or flight, not the evidence of the

underlying offense. *See United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010).  With

respect to the risk of flight, the weight of the evidence does not support the conclusion

that Mr. Lu is liable to flee.  Although noting that Mr. Lu is not a United States citizen

and *could* attempt to flee to China, the Government has offered no evidence suggesting

that there is a reasonable possibility that he would do so.  Moreover, any attempt to flee

the country would be futile as Mr. Lu's home and all his immediate family members

reside here in the United States.  In essence, Mr. Lu would not have anywhere to go.

Again, Mr. Lu has been aware of these allegations for nearly six (6) years and did

not make any attempt to leave the country or otherwise avoid the instant prosecution,

even before a formal Indictment was actually returned.  To the contrary, Mr. Lu

immediately retained counsel and abided by all terms and conditions of bail that were

8

imposed back in April of 2021, including traveling to Ohio on multiple occasions as directed by the Court.

Furthermore, although Mr. Lu does not have any direct ties to the Northern District of Ohio[3], he has strong ties to the United States that reduce any potential risk of absconding.  Mr. Lu does not have any significant or familial ties to China[4], having resided here in the United States since in or around 1999.  Additionally, Mr. Lu's wife and adult daughter, Nancy, are both citizens of the United States.  Similarly, Mr. Lu maintains gainful employment at Oceaneering International, where he has worked for the past five-and-a-half (5 ½) years.

Mr. Lu does not have a history of international travel[5] nor does he possess a passport. Several courts have found such circumstances sufficient to overcome the presumption concerning the risk of flight. *See, e.g., Redeaux v. United States*, 806 F.Supp. 626, 627 (E.D. Tex. 1992) (in 18 U.S.C. § 3143(b) inquiry, testimony that defendant has established roots in the community and that her home and family are present in the community "may" suffice to carry burden on flight issue, and stating several sentences

---

[3] As counsel noted in response to the Government's request for detention, Mr. Lu and his wife would be willing to secure a residence here in the Northern District of Ohio during the pendency of these proceedings – subject to the approval of the Court and/or pretrial service's office – in an effort to alleviate any concerns regarding his risk of flight or his connections to this Court's jurisdiction.

[4] According to the Pretrial Report prepared by the United States Probation Office for the Southern District of Texas, which is incorporated by express reference and cited to herein as Exhibit "A," indicates that Mr. Lu's father and sister currently reside in Shanghai, China; however, Mr. Lu has not had any contact with them for several years.

[5] According to the Pretrial Report, Mr. Lu last traveled outside the United States in or around 2018. *See* Ex. "A."

later that defendant "is not likely to flee ... if released"); *United States v. Dempsey*, 1991 WL 255382, *1 (E.D. La. Nov. 19, 1991) (finding as part of § 3143(a)(1) analysis, which is required component of release pursuant to § 3145(c), that defendant's residence in community for twelve years, the presence of his wife and two children in the community, and that fact that he had made all required court appearances while on pretrial release sufficient to establish that defendant posed no risk of flight); *United States v. Ross*, 730 F.Supp. 355, 357 (D. Kan. 1990) ("Defendant has appeared at all hearings and he had other witnesses believe that he will continue to so appear. His consistent appearance may support a finding that defendant may not flee").

Finally, counsel submits that strict terms and conditions of release would be sufficient to ensure that Mr. Lu does not flee pending the sentencing hearing.  To that end, the Court can place Mr. Lu on electronic home confinement and appoint his wife to serve as a third-party custodian.  Likewise, the Court can order Mr. Lu to report to the probation and/or pretrial services office on a regular basis.  Mr. Lu is also offering to pledge his residence in Houston, Texas, as collateral.

### 3.    History and Characteristics of the Defendant

The "history and characteristics" of a person," as defined by 18 U.S.C. § 3142(g)(3), encompass numerous qualities including the defendant's character, physical and mental condition, family ties, community ties, past conduct, history of drug or alcohol abuse, and criminal history.  These considerations also include whether the person was on probation or parole at the time of the current offense. *See* 18 U.S.C. §

10

3142(g)(3).

There is nothing about Mr. Lu's history or characteristics that would raise any concern about his dangerousness or his risk of flight should the Court release him on bail pending sentencing.  Again, Mr. Lu has no criminal history separate and apart from this case.  His compliance with all terms and conditions of bail throughout these proceedings evidences his willingness and ability to obey any restrictions that the Court would impose as part of his release.  Furthermore, having his wife serve as a custodian, in conjunction with offering his residence as collateral and being subjected to electronic home confinement, will all minimize the risk that Mr. Lu will endanger the community or abscond if ordered released pending sentencing.

**4.      Nature and Seriousness of the Danger to any Person or the Community**

As aforementioned, Mr. Lu has no prior criminal history – violent or otherwise – separate and apart from this case.  The alleged criminal misconduct at issue in this case occurred nearly six (6) years ago and involved Mr. Lu's former employer.  There have been no allegations that Mr. Lu engaged in any other illegal activity prior to or after his employment was terminated.

Likewise, Mr. Lu is gainfully employed and has no history of any substance abuse or psychological issues.  He has a close-knit relationship with his wife and daughter, both of whom are citizens of the United States.  Respectfully, conditions of release, including electronic home confinement and routine reporting obligations, will sufficiently minimize any risk that Mr. Lu will endanger himself or the community if

11

granted the privilege of release at this time.

**B.    There are Exceptional Reasons Justifying Mr. Lu's Release on Bail Pending Sentencing.**

Alternatively, Mr. Lu submits that release on bail is warranted due to "exceptional reasons" under 18 U.S.C. § 3145(c). *See, e.g., United States v. Cook*, 42 Fed.Appx. 803, 804 (6th Cir. 2002) (noting support from other jurisdictions holding that a district judge is not precluded from making a determination of exceptional circumstances in support of release under 18 U.S.C. § 3145(c)).  Section 3145(c) is specifically designed to avoid the harshness of the mandatory detention provision in cases like this where a one-size-fits-all detention policy is not warranted by the specific facts before the Court. *See United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (noting that § 3145(c) was intended to provide "an avenue of relief" from mandatory provisions of the Bail Reform Act).

The statute does not define "exceptional reasons," but the term has generally come to mean that which is unique, uncommon, rare, or out of the ordinary. *See, e.g., United States v. Kaquatosh*, 252 F.Supp.2d 775, 777 (E.D. Wis. 2003).  Courts seem to agree that what constitutes "exceptional reasons" must be determined on a case-by-case basis. *Id.*; *see also United States v. DiSomma*, 951 F.2d 494, 497 (2nd Cir. 1991) (defining "exceptional reasons" as a "unique combination of circumstances giving rise to situations that are out of the ordinary").

Courts have recognized that a "wide range of factors may bear upon the

12

analysis," and the "district court has broad discretion ... to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct." *United States v. Mutte*, 383 F. App'x 716, 718 (10th Cir. 2010).  District courts have recognized a variety of factors in determining whether exceptional reasons justify release, including "whether the defendant's criminal conduct was aberrational...whether the defendant led an exemplary life prior to his offense and would be likely to continue to contribute to society significantly if allowed to remain free on bail...the nature of the [offense] itself...the length of the prison sentence...whether the defendant is exceptionally unlikely to flee or to constitute a danger to the community...[and] whether the defendant was unusually cooperative with the government."  *United States v. DiMattina*, 885 F. Supp. 2d 572, 589 (E.D.N.Y. 2012).

      For instance, the United States Court of Appeals for the Ninth Circuit has previously held that, because Congress did not define "exceptional reasons" in the statute, district courts have broad discretion "to consider all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct.'" *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003).  Placing no limit on the range of matters to be considered, the Ninth Circuit instructed its district courts to "examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who

have committed crimes of violence should not, except in exceptional cases, be released pending [sentencing or] appeal) it would be unreasonable to incarcerate the defendant prior to" the sentencing or resolution of the appeal. *Id*. at 1019.  Some of the factors which may be considered, alone or in combination with others, are: the aberrational nature of the defendant's conduct, an exceptionally low risk of danger in combination with an aberrational act, the nature of the violent act itself, the length of the expected prison sentence, the defendant's unusual cooperation with the Government, a sufficiently serious illness or injury of the defendant, and the nature of the defendant's arguments on appeal. *Id*. at 1019-1022.

Another district court identified four (4) factors that should be taken into account in evaluating exceptional reasons, including "(1) whether detention imposes an unusually harsh effect of a personal nature not ordinarily experienced by an individual facing incarceration, (2) whether the defendant is incapacitated from or extremely unlikely to engage in recidivist behavior while released, (3) whether additional incarceration would result in an unjust extended period of detention because the defendant's uniquely low culpability is likely to reduce the sentence or a novel legal question for appeal exists, and (4) the extent and effect of the defendant's cooperation with the [g]overnment." *United States v. Green*, 250 F.Supp.2d 1145, 1150 (E.D. Mo. 2003).

Other district courts granting release have relied on a combination of personal factors, such as employment, ties to the community, performance on pre-trial release, medical conditions and legal factors such as the length of the sentence and the

14

possibility of downward departure at sentencing. For instance, the court in *Kaquatosh* found that the defendant should be released pending sentencing because he had performed exceptionally well on pre-trial release, he successfully completed substance abuse treatment, the results of all substance abuse testing had been negative, the defendant complied with the rules of a halfway house where he was placed, he obtained employment and excelled at it allowing him to send money home to family on the Indian reservation, and the defendant wanted a psychological evaluation and treatment prior to imprisonment, which demonstrated his desire to avoid imprisonment in the future. *See Kaquatosh*, 252 F.Supp.2d at 779-780.

Here, it is undisputed that Mr. Lu does not have any prior criminal history apart from this case. Likewise, he has complied with all terms and conditions of release, including traveling to Ohio for trial on two (2) separate occasions as well as every other Court-mandated appearance. Mr. Lu's wife and daughter are both citizens of the United States, and he has no significant ties to China or any other foreign country. Moreover, Mr. Lu does not have a valid passport, nor does he have any recent or significant history of international travel.

Additionally, Mr. Lu serves as the sole financial provider for his wife. Mr. Lu has maintained gainful employment throughout the pendency of this case. If granted the privilege of release, Mr. Lu intends to continue working to support his family – as well as to satisfy any anticipated restitution award that may be imposed – up until the time of his potential incarceration. Given Mr. Lu's potential prison sentence as well as

15

his status as the sole provider for his wife, continued detention would result in a significant, undue, and exceptional hardship.

Likewise, Mr. Lu fully intends to challenge his convictions through the appropriate legal channels, including appealing the matter to the Sixth Circuit.  Mr. Lu's family has already started the process of securing representation to assist Mr. Lu in these efforts.  In light of the highly technical nature of the evidence in this case and the anticipated issues to be raised regarding the conviction, it is essential that Mr. Lu be able to confer with and assist appellate counsel in formulating the relevant arguments in this case.  Those efforts would be significantly impeded if Mr. Lu is required to remain in custody pending the sentencing hearing.[6]

---

[6] These concerns are particularly salient here for a number of reasons.  First, there is great uncertainty surrounding Mr. Lu's potential designation from the Bureau of Prisons, particularly in light of his citizenship status as well as his primary residence being in Houston, Texas.  Secondly, much of the relevant discovery materials in this case are subject to a protective Order, which prohibits Mr. Lu from possessing or reviewing the evidence outside the presence of counsel.  Third, as the Court is aware, English is Mr. Lu's second language; thus, there are legitimate concerns regarding Mr. Lu's ability to effectively communicate with counsel over the phone as opposed to in-person.  All of these circumstances – both individually and collectively – are sufficient to constitute exceptional reasons justifying Mr. Lu's release.

## <u>CONCLUSION</u>

The undersigned maintains that the foregoing arguments establish, by clear and convincing evidence, that Mr. Lu does not pose a risk of flight or a danger to others should this Honorable Court order his release pending sentencing.  Again, Mr. Lu has no prior criminal history apart from this case and has demonstrated his ability to comply with any terms or conditions of bail that the Court were to impose.[7]  Although he is not a citizen, Mr. Lu has lived and worked in the United States for the past twenty-six (26) years.  Furthermore, Mr. Lu has no significant ties to China or any other foreign country, nor has he exhibited a history of patterned international travel.  To the contrary, Mr. Lu's immediate family members reside in – and are citizens of – the United States.

Counsel respectfully submits that the proposed conditions of release – as well as any additional provisions that the Court deems appropriate – are more than sufficient to alleviate any concerns regarding a potential risk of flight or perceived dangerousness.  As such, Mr. Lu requests that this Honorable Court issue an order releasing him on bail pending the sentencing hearing.

---

[7] As aforementioned, consideration of the defendant's risk for flight or dangerousness must be assessed against the backdrop of the specific conditions of release that the court intends to impose.  Accordingly, in assessing the four (4) factors identified in 18 U.S.C. § 3142(g), to determine whether Mr. Lu poses a risk of flight or danger, the court should consider whether he would pose such a risk if he was also subject to strict terms or conditions of supervision, including, *inter alia*, electronic home confinement under the custody of his wife, routine reporting to the Probation and/or Pretrial Services Office, and pledging his residence as collateral.

**WHEREFORE**, the Defendant, Davis Lu, hereby respectfully requests that this Honorable Court issue an Order releasing him on bail pending sentencing subject to any terms or conditions that this Court deems appropriate.

Respectfully submitted,

DAVIS LU
By counsel

Dated: <u>March 12, 2025</u>          <u>/S/ Eric Nemecek</u>
ERIC C. NEMECEK (0083195)
IAN N. FRIEDMAN (0068630)
Counsel for Defendant
Friedman, Nemecek & Long, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com