**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:21-CR-226-PAB-1 |
| | ) | |
| v. | ) | **DECLARATION OF ERIC C.** |
| | ) | **NEMECEK** |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Eric C. Nemecek hereby declares as follows to the best of his knowledge and belief:

1.       I am a partner at the law firm of Friedman Nemecek Long & Grant, LLC, who were attorneys for Defendant Davis Lu until April 1, 2025. I was one of Mr. Lu's lead counsel at trial. I submit this Declaration regarding Defendant Davis Lu's Motion for a New Trial.

2.       One of my responsibilities in this case was to be in charge of handling, organizing, and reviewing discovery materials provided by the government. I am, therefore, familiar with the discovery the defense requested and received from the Government prior to trial.

**Process for Handling, Retaining, and Reviewing Discovery**

3.       I maintained, organized, and reviewed all the discovery we received from the Government.  The materials that were provided through the electronic portal were downloaded and saved to the firm's internal database.  Materials that were provided on an external electronic storage device were maintained on said devices and placed in the physical file.

4.       I shared all of the discovery materials we received from the Government with Mr. Lu and our consulting expert, Warner Scheyer. Mr. Scheyer helped our defense team review and analyze the voluminous discovery materials.

5.      I do not recall receiving the discovery materials that the Government claims formed the basis of Exhibits 13A and 13B.

**Defense Discovery Requests**

6.      On January 13, 2022, the defense team requested additional discovery materials to investigate the Government's claims, craft a defense strategy, and prepare for trial. Among the seven supplemental requests for information, Item Six requested the Government produce "Electrical Enovia server restart logs from SiteScope from January 1, 2019, to December 31, 2019, ***including any/all email notifications sent to users***." (hereinafter, "Item Six") (emphasis added). A true and correct copy of that request is attached as **Exhibit A**.

7.      Based on my review of the relevant discovery materials and discussions with Mr. Lu, it is my understanding that Eaton's system would send email notifications to employees whenever the server would crash and/or restart.  These emails would have shown the dates on which any system-failure notifications were sent or received by users, including the days when Mr. Lu's code was alleged to have been running on Eaton's servers.  Therefore, I believed the documents in Item Six were critical to the defense because, if they did not exist, this absence would contradict the Government's theory that Mr. Lu's code caused the Enovia server failures. The absence of this evidence would also support the defense's theory that Mr. Lu's code did not cause those same failures.

8.      On March 11, 2022, the Government responded to the defense request and stated that documents responsive to Item Six "do[] not exist as monitoring stopped on this application in 2013." A true and correct copy of that correspondence is attached as **Exhibit B**.

9.      On April 12, 2022, the Government sent another email informing me that certain materials in response to Item Six were available, but only for the dates September 3, 2019 through

2

December 31, 2019; there was no indication made that there were responsive documents for the month of August, 2019, which was the critical month. The Government represented that the "restart logs/alerts from Sitescope after 40 days [were purged] so those records are no longer available." A true and correct copy of that correspondence is attached as **Exhibit C**.

10. Two days later, on April 14, 2022, the Government produced the "daily user audit logs for 9/3/2019-12/31/2019" in response to Item Six. A true and correct copy of that correspondence is attached at **Exhibit D**. Notably, the Government did not simultaneously produce any email alerts or notifications.

11. Because the defense believed that this evidence was critically important, on April 26, 2024, we issued a subpoena to Eaton Corporation pursuant to Federal Rule of Criminal Procedure 17(c). Among other things, the subpoena requested "Electrical Enovia server restart logs from SiteScope from January 1, 2019, to December 31, 2019, *including any/all email notifications sent to users*" under Request Nine. (emphasis added). Request Nine is identical to Item Six. A true and correct copy of that subpoena is attached as **Exhibit E**.

12. On May 24, 2024, Eaton Corporation represented that the "documents [responsive to Request Nine/Item Six] are not in our client's possession, custody, or control at this time." Eaton Corporation promised to send defense counsel "an update if we learn of the existence of any documents responsive to" Request Nine/Item Six. A true and correct copy of that correspondence is attached as **Exhibit F**.

13. Eaton Corporation never provided the defense with any update regarding these records.

14. The absence of this evidence shaped our trial strategy. The lack of any email alerts or notifications showing that Eaton's Enovia system crashed on the dates Mr. Lu admittedly

executed the code in August of 2019 corroborated the defense theory that Mr. Lu's code could not have caused the server crashes/hangs, as the Government alleged. This became a key component of Mr. Lu's direct examination.

**Disclosure of Evidence at Trial**

15.     On March 5, 2025, Agent Monica Hantz testified as the Government's rebuttal witness. I was sick that day, so I could not attend trial.

16.     Exhibit 13A purported to be screenshots of six email notifications/alerts that Mr. Lu received on August 26, 2019, August 27, 2019, and August 29, 2019, which purportedly show that the Enovia servers crashed on those dates. A true and correct copy of Exhibit 13A is attached as **Exhibit G**.

17.     Exhibit 13B purported to be a summary chart of 891 email notifications/alerts that the Enovia servers crashed that Mr. Lu purportedly received between June 26, 2019, and September 5, 2019.  A true and correct copy of Exhibit 13B is attached as **Exhibit H**.

18.     Exhibit 22 purported to be four samples from a 95,000 event-log, which purported to show dates on which there was activity on Mr. Lu's server. A true and correct copy of Exhibit 22 is attached as **Exhibit I**.

19.     Prior to receiving Exhibits 13A, 13B, and 22 from the Government on March 5, 2025, I had not seen the documents supporting Exhibits 13A and 13B in discovery.

20.     The documents Exhibits 13A and 13B purport to represent are the very documents that would have been responsive to Item Six of the January 13, 2022, correspondence directed to the Government as well as Item 9 of the subpoena that was directed to Eaton in April of 2024.

**Post-Conviction Review of Discovery**

21.     Following his conviction, Mr. Lu retained ArentFox Schiff LLP as new counsel to represent him in challenging his conviction in this case. To assist their preparation, I provided them discovery materials we received from the Government.

22.     Attorneys from ArentFox Schiff informed me that the Government identified four files that purportedly formed the basis of Exhibits 13A and 13B: (a) "DavisLu_ExchangeEmail.ad1", (b) "DavisLu_ExchangeEmail.ad1", (c) "DavisLu_ExchangeEmail.ad2", and (d) "DavisLu_ExchangeEmail.ad3".

23.     At their request, I reviewed the discovery the defense received in discovery. Despite multiple reasonable, diligent search attempts, I have not located these documents in our file or on our electronic storage system.

24.     Attorneys from ArentFox Schiff also informed me that the Government identified a single file titled "3947.156751345.txt" that purportedly formed the basis of Exhibit 22. The defense received the "3947.156751345.txt" file in discovery. That file is a plain text file, with no formatting. It has 95,000 log entries, some of which span multiple lines. When converted to PDF, it is 15,502 pages long. The log entries identified in Exhibit 22 purport to represent just four log entries amongst the 95,000 log entries contained in the "3947.156751345.txt" file.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Dated:  May 12, 2025
        Cleveland, OH                                    Eric C. Nemecek

# EXHIBIT A



THE IMG CENTER
1360 EAST 9TH STREET, SUITE 650
CLEVELAND, OHIO 44114
TELEPHONE 216.928.7700
WWW.FANLEGAL.COM

Eric C. Nemecek, Esq.
ecn@fanlegal.com

Mara M. Hirz, Esq.
mmh@fanlegal.com

January 13, 2021

**SENT VIA E-MAIL TO:** daniel.riedl@usdoj.gov
AUSA Dan Riedl
United States Attorney's Office
801 West Superior Avenue, #400
Cleveland, Ohio 44113

> *Re:*  *United States v. Lu*, 1:21-CR-226

Dear AUSA Riedl,

I hope this correspondence finds you well.  As you know, we have retained an expert witness to assist with the defense of this case.  After reviewing the discovery materials provided to date, including the additional materials provided in response to our August 8, 2021 request, the expert has identified the following additional records and/or items that are needed in order to render an opinion:

1.)     Mr. Lu's employment file, including any recent performance reviews.

2.)     Mr. Lu's worklog for the last year of his employment.

3.)     All Remedy tickets in EG_AS_PLM queue from August 20th, 2019 to August 29th, 2019, including create date, requester full name, queue, issue description, assignee, and resolution.

4.)     The following files from the source safe repository ("SVN") for August 3, 2019:

        a.) PLMLoginServlet.class; and
        b.) IPFilter.class

5.)      SVN report detailing the update and last check-in dates from July 1, 2019, through August 31, 2019, for the following files:

| | | |
|---|---|---|
| InventorVault.java | Security.java | ServletDirector.java |
| ERPIntegCommon.java | ShopFloor.java | Servlets.java |
| AD.java | SimpleSearchBOM.java | TNRChange.java |
| Background.java | TableUtil.java | IPFilter.java (*) |
| BackgroundMethods.java | ViewableUtil.java | security.xml |
| BackgroundRequest.java | WCMRequst.java | SecurityFilter.java |
| Command.java | WindchillRequest.java | WebService2Impl.java |
| CommonUtil.java | DDServlet.java | WebService2ImplCreo.java |
| ComponentLIbrary.java | FCSCheckinServlet.java | WebService2ImplDoc.java |
| DragDrop.java | FileInfo.java | WebService2ImplPackageAndPrint.java |
| EBOMSync.java | FileInputStreamSource.java | WebService2ImplPDH.java |
| EnvironmentID.java | PLMLoginServlet.java (*) | WebService2ImplSearch.java |
| ExecCommandImpl.java | Deviation.java | WebService2ImplUtil.java |
| License.java | MassDownload.java | WebServiceCommon.java |
| MailUtil.java | PartReport.java | WebServiceFile.java |
| SAPIntegration.java | QuickDownload.java | WebServiceImpl.java |
| SAPReport.java | ResolveECODependency.java | WebServicePQNA.java |
| SAPUtil.java | SAPPartCompareServlet.java | |

        This information was previously requested on August 8, 2021. However, it was provided in a format that was incomplete/inconclusive. Extraction instructions to accurately retrieved the desired information can be provided, upon request.

        6.) Electrical Enovia server restart logs from SiteScope from January 1, 2019, to December 31, 2019, including any/all email notifications sent to users.

        7.) Raw data for "ChangLinjar__systems-correlation.xlsx. This information was previously requested on August 8, 2021. However, it was provided in a modified format (compiled from the original source), not as "raw data."

Thank you in advance for your prompt attention to this matter.  Please let us know if you have any questions or if you need anything else to process this request.  We look forward to speaking with you soon.

Very truly yours,

*/S/ Mara M. Hirz*

*cc: file; AUSA Brian Deckert (Brian.Deckert@usdoj.gov)*

# EXHIBIT B

| | |
|---|---|
| **From:** | Deckert, Brian (USAOHN) <Brian.Deckert@usdoj.gov> |
| **Sent:** | Friday, March 11, 2022 1:50 PM |
| **To:** | Eric Nemecek |
| **Cc:** | Riedl, Daniel J. (USAOHN) |
| **Subject:** | USA v. Davis Lu |

Eric,

Additionally, in response to item 6 on your request dated January 13, 2022, Eaton responded that it does not exist as monitoring stopped on this application in 2013. In response to item 4, they stated that they have already provided this data. They are working on getting us the updated SVN logs and I will update you.

Brian S. Deckert
Assistant United States Attorney
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone: (216) 622-3873
Cell: (216) 318-2658
Brian.Deckert@usdoj.gov



# EXHIBIT C

| | |
|---|---|
| **From:** | Deckert, Brian (USAOHN) <Brian.Deckert@usdoj.gov> |
| **Sent:** | Tuesday, April 12, 2022 10:10 AM |
| **To:** | Eric Nemecek |
| **Subject:** | RE: Davis Lu |

Eric,

Regarding Item 6 of your discovery request (Electrical Enovia server restart logs from SiteScope from January 1, 2019, to December 31, 2019, including any/all email notifications sent to users):

Eaton still possesses the Sitescope daily audit logs from 9/3/2019 – 12/31/2019 and can provide them. Eaton purges the restart logs/alerts from Sitescope after 40 days so those records are no longer available

I have asked Eaton to provide me the daily audit logs from 9/3/2019 – 12/31/2019 and I will get them to you when I receive them.

Brian S. Deckert
Assistant United States Attorney
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone: (216) 622-3873
Cell: (216) 318-2658
Brian.Deckert@usdoj.gov



---

**From:** Eric Nemecek
**Sent:** Wednesday, March 16, 2022 4:03 PM
**To:** Deckert, Brian (USAOHN)
**Subject:** [EXTERNAL] Davis Lu

Brian,

I just spoke with our expert. He confirmed that the spreadsheet crops out certain information/text when opened, and that he is unable to expand the columns. He thinks that you/Eaton may have different privileges in the USAfx account that allow you to open and manipulate the document, whereas we might only have viewing privileges. I'm not sure if there's a way to change the file format or some other work-around to resolve the issue. If not, maybe you can simply email me a copy of the spreadsheet and I can forward it to the expert (obviously with the same restrictions on dissemination, etc., set forth in the Protective Order).

Thanks,

**Eric C. Nemecek, Esq.**
Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
F: (216) 820-4659
E: ecn@fanlegal.com


**Friedman & Nemecek, L.L.C. - Confidential Communication**

This transmission contains confidential information intended only for the addressee(s) and may also be privileged and/or subject to attorney work-product protection. If you are not the intended recipient, any use, dissemination, distribution, or copying of this document or its contents is strictly prohibited. If you receive this message in error, please contact the sender immediately either by return E-mail or by telephone at (216) 928-7700. Thank You.

# EXHIBIT D

| | |
|---|---|
| **From:** | Deckert, Brian (USAOHN) <Brian.Deckert@usdoj.gov> |
| **Sent:** | Thursday, April 14, 2022 10:59 AM |
| **To:** | Eric Nemecek |
| **Cc:** | Riedl, Daniel J. (USAOHN) |
| **Subject:** | USA v. Davis Lu |

Eric,

The daily user audit logs for 9/3/2019-12/31/2019 have been added to USAfx in response to your request for item 6 on January 13, 2022.

Brian S. Deckert
Assistant United States Attorney
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone: (216) 622-3873
Cell: (216) 318-2658
Brian.Deckert@usdoj.gov



# EXHIBIT E

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Davis Lu | ) | Case No.  1:21-cr-226 |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  Eaton Corporation, Attn: Marisa Darden, Esq. and Bianca Smith, Esq.
  Benesch Friedlander Coplan & Arnoff, 127 Public Square #4900, Cleveland, OH 44114

*(Name of person to whom this subpoena is directed)*

  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Rider "A" attached.

| Place: | Friedman Nemecek Long & Grant, LLC 1360 East 9th Street Suite 650 Cleveland, OH 44114 | Date and Time:  05/17/2024 5:00 pm |
|---|---|---|

  Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

  *(SEAL)*

Date:  _____

  *CLERK OF COURT*

  _____

  *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____
Davis Lu  _____, who requests this subpoena, are:

 Eric C. Nemecek, 1360 East 9th Street, Suite 650, Cleveland, OH 44114
 (216) 928-7700; ecn@fanlegal.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   1:21-cr-226

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## RIDER "A"

This Subpoena shall be governed by the following definitions:

## DEFINITIONS

1. "Document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character including drafts of the same and including, but not limited to, letters, booklets, certificates of title, forms, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, interoffice communications, electronic mails, attachments to electronic mails, computer records, statements, announcements, photographs, audio or video tape recordings, motion pictures, and carbon, photographic, or electronic copies of any such material if you do not have custody or control of the original.

2. "Communication" means any contact or exchange of information, whether written or oral, direct, or indirect, made by any method, including without limitation in-person or telephonic exchanges, written communications, electronic mail, or facsimiles.

3. "Pertaining to" means constituting, defining, containing, embodying, reflecting, identifying, stating, concerning, referring to, dealing with, generated wholly or partly in response to or because of, or in any way pertaining to.

## DOCUMENTS TO BE PRODUCED

1. Comprehensive personnel and/or employee file of Davis Lu including, but not limited to, any employee reviews, internal correspondence, investigation documents, memoranda, notes and/or documents pertaining to his training and disciplinary history. This request further includes any reviews, documents, notes, records, reports, memorandum and/or communications about Davis Lu.

2. Comprehensive personnel and/or employee file of Eaton Corporation employee TM Sabarisavan including, but not limited to, any employee reviews, internal correspondence, investigation documents, memoranda, notes and/or documents pertaining to his training and disciplinary history. This request further includes any reviews, documents, notes, records, reports, memorandum and/or information relating to his communications with and/or management of Davis Lu.

3. Comprehensive personnel and/or employee file of Eaton Corporation employee Magesh Jayabal including, but not limited to, any employee reviews, internal correspondence, investigation documents, memoranda, notes and/or documents pertaining to his training and disciplinary history. This request further includes any reviews, documents, notes, records, reports, memorandum and/or information relating to his communications with and/or management of Davis Lu.

1

4. Comprehensive personnel and/or employee file of Eaton Corporation employee Mathew Rose including, but not limited to, any employee reviews, internal correspondence, investigation documents, memoranda, notes and/or documents pertaining to his training and disciplinary history. This request further includes any reviews, documents, notes, records, reports, memorandum and/or information relating to his communications with and/or management of Davis Lu.

5. Comprehensive personnel and/or employee file of Eaton Corporation employee Kelly Roe including, but not limited to, any employee reviews, internal correspondence, investigation documents, memoranda, notes and/or documents pertaining to his training and disciplinary history. This request further includes any reviews, documents, notes, records, reports, memorandum and/or information relating to his communications with and/or management of Davis Lu.

6. Configuration details for SiteScope and MicroFocus demonstrating the functionality of the system, including the determination of when a JVM should or would be restarted.

7. Detailed execution log for the production deployment on August 3, 2019, as well as any notes or memorandum concerning the same.

8. Complete Tomcat logs beginning on September 4, 2019, and continuing through September 19, 2019.

9. Electrical Enovia server restart logs from SiteScope from January 1, 2019, to December 31, 2019, including any/all email notifications sent to users.

10. Raw data for "ChangLinjar__systems-correlation.xlsx" from January 1, 2019, to December 31, 2019.

11. Raw data from the Crowdstrike records, MQL execution records, and Changlin.jar execution records from January 1, 2019, to December 31, 2019.

# EXHIBIT F



Bianca N.C. Smith
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Direct Dial: 216.363.4503
Fax: 216.363.4588
bsmith@beneschlaw.com

May 24, 2024

**<u>PRIVILEGED AND CONFIDENTIAL</u>**
***SENT VIA EMAIL TO***: inf@fanlegal.com and ecn@fanlegal.com
Ian N. Friedman, Esq.
Eric C. Nemecek, Esq.
Friedman, Nemecek, Long & Grant, L.L.C.
The IMG Center
1360 East 9th Street, Suite 650
Cleveland, Ohio 44114
(216) 928-7700

       Re:    *United States v. Davis Lu* – 1:21-CR-226

Dear Attorneys Friedman and Nemecek:

     I hope this correspondence finds you well. I write today in response to your April 26, 2024 document subpoena served on Eaton Corporation.

     As you are aware, we issued an initial responsive production on May 16, 2024. After engaging in a reasonable and diligent search for documents that were responsive to requests six (6) through eleven (11), it is our understanding that these documents are not in our client's possession, custody, or control at this time. We will, of course, continue to engage in a reasonable level of evaluation to ensure that nothing was missed during our search process, and will be sure to send you an update if we learn of the existence of any documents responsive to these requests.

     We appreciate your consideration in providing an extension to the original deadline so that we may ensure the most comprehensive search possible.

               Sincerely,

               BENESCH, FRIEDLANDER,
                COPLAN & ARONOFF LLP

               */s/ Bianca N.C. Smith*

BNCS: MTD

# EXHIBIT G



Urgent: enovia-eg-p1.tcc.etn.com:8082/enovia failed to response at 8/26/2019 2:00:55 AM!!! - Action Required.



AdministratorMatrixOne@eaton.com ☐ Lu, Davis 8/26/2019

**Urgent: enovia-eg-p1.tcc.etn.com:8082/enovia failed to response at 8/26/2019 2:00:55 AM!!! - Action Required.**

ⓘ This message was sent with High importance.

Urgent: enovia-eg-p1.tcc.etn.com:8082/enovia failed to response at 8/26/2019 2:00:55 AM!!! - Action Required.

Gov. Ex. 13A_Enovia Alert Pg 1 of 6

**GOVERNMENT EXHIBIT**
1:21CR226
**13A**



AdministratorMatrixOne@eaton.com     ☐ Lu, Davis      8/26/2019

**Urgent: enovia-eg-p1.tcc.etn.com:8081/enovia failed to response at 8/26/2019 8:46:38 AM!!! - Action Required.**

ⓘ This message was sent with High importance.

Urgent: enovia-eg-p1.tcc.etn.com:8081/enovia failed to response at 8/26/2019 8:46:38 AM!!! - Action Required.



AdministratorMatrixOne@eaton.com     ☐ Lu, Davis     8/27/2019

**Urgent: enovia-eg-p3.tcc.etn.com:8081/enovia failed to response at 8/27/2019 7:52:19 PM!!! - Action Required.**

ⓘ This message was sent with High importance.

Urgent: enovia-eg-p3.tcc.etn.com:8081/enovia failed to response at 8/27/2019 7:52:19 PM!!! - Action Required.

Gov. Ex. 13A_Enovia Alert Pg 3 of 6



Urgent: enovia-eg-p3.tcc.etn.com:8081/enovia failed to response at 8/27/2019 7:44:31 PM!!! - Action Required.



Case 1:21-cr-00226-PAB Doc # 108-2 Filed 05/12/25 30 of 35 PageID # 2797



Urgent: enovia-eg-p3.tcc.etn.com:8081/enovia failed to response at 8/29/2019 9:00:18 PM!!! - Action Required.

Gov. Ex. 13A_Enovia Alert Pg 5 of 6





AdministratorMatrixOne@eaton.com    ☐ Lu, Davis      8/29/2019

**Urgent: enovia-eg-p3.tcc.etn.com:8081/enovia failed to response at 8/29/2019 9:08:07 PM!!! - Action Required.**

ℹ This message was sent with High importance.

Urgent: enovia-eg-p3.tcc.etn.com:8081/enovia failed to response at 8/29/2019 9:08:07 PM!!! - Action Required.

Gov. Ex. 13A_Enovia Alert Pg 6 of 6

# EXHIBIT H



| Received | Count of Received |
|---|---|
| 6/26/2019 | 3 |
| 6/27/2019 | 18 |
| 6/28/2019 | 0 |
| 6/29/2019 | 0 |
| 6/30/2019 | 0 |
| 7/1/2019 | 0 |
| 7/2/2019 | 0 |
| 7/3/2019 | 0 |
| 7/4/2019 | 0 |
| 7/5/2019 | 0 |
| 7/6/2019 | 0 |
| 7/7/2019 | 0 |
| 7/8/2019 | 0 |
| 7/9/2019 | 0 |
| 7/10/2019 | 0 |
| 7/11/2019 | 0 |
| 7/12/2019 | 0 |
| 7/13/2019 | 0 |
| 7/14/2019 | 0 |
| 7/15/2019 | 0 |
| 7/16/2019 | 0 |
| 7/17/2019 | 0 |
| 7/18/2019 | 0 |
| 7/19/2019 | 0 |
| 7/20/2019 | 0 |
| 7/21/2019 | 0 |
| 7/22/2019 | 0 |
| 7/23/2019 | 0 |
| 7/24/2019 | 0 |
| 7/25/2019 | 1 |
| 7/26/2019 | 0 |
| 7/27/2019 | 0 |
| 7/28/2019 | 1 |
| 7/29/2019 | 0 |
| 7/30/2019 | 0 |
| 7/31/2019 | 0 |
| 8/1/2019 | 4 |
| 8/2/2019 | 0 |
| 8/3/2019 | 23 |
| 8/4/2019 | 64 |
| 8/5/2019 | 71 |
| 8/6/2019 | 123 |
| 8/7/2019 | 4 |
| 8/8/2019 | 21 |
| 8/9/2019 | 48 |
| 8/10/2019 | 115 |
| 8/11/2019 | 3 |
| 8/12/2019 | 52 |
| 8/13/2019 | 36 |
| 8/14/2019 | 3 |
| 8/15/2019 | 49 |
| 8/16/2019 | 14 |
| 8/17/2019 | 1 |
| 8/18/2019 | 14 |
| 8/19/2019 | 42 |
| 8/20/2019 | 31 |
| 8/21/2019 | 36 |
| 8/22/2019 | 10 |
| 8/23/2019 | 3 |
| 8/24/2019 | 2 |
| 8/25/2019 | 0 |
| 8/26/2019 | 22 |
| 8/27/2019 | 4 |
| 8/28/2019 | 5 |
| 8/29/2019 | 5 |
| 9/1/2019 | 2 |
| 9/2/2019 | 2 |
| 9/3/2019 | 6 |
| 9/4/2019 | 14 |
| 9/5/2019 | 39 |
| (blank) | |
| Grand Total | 891 |



Alert Emails - Enovia

# EXHIBIT I

**172.20.90.230 >> loutcsdenov3**

Aug 2 14:56:20 151.110.248.145/151.110.248.145/100.79.107.68 Blue%20Coat%20SG-S500%20Series 2019-08-02 19:56:20 55104 172.20.90.230 200 TCP_TUNNELED 9608 14162 CONNECT tcp r20swj13mr.microsoft.com 443 / - E0083088 - 151.110.248.145 - - "Mozilla/5.0 (Windows NT 6.1; Win64; x64; Trident/7.0; rv:11.0) like Gecko" OBSERVED "Eaton_Whitelist;Eaton_Kiosk_list;Eaton_Divestitures_list;R_and_D_Lab_Kiosk;Technology/Internet" - 151.110.248.145 151.110.248.147 72.21.81.200

Aug 3 21:28:21 SIMTCSEATON12.eaton.ad.etn.com/151.110.50.33/100.79.107.71 MSWinEventLog,4,Security,62307953,Sat Aug 03 21:28:20 2019,4769,Microsoft-Windows-Security-Auditing,NASA.AD.ETN.COM\E0083088@NASA.AD.ETN.COM,N/A,Success Audit,SIMTCSEATON12.eaton.ad.etn.com,Kerberos Service Ticket Operations,,A Kerberos service ticket was requested. Account Information: Account Name: E0083088@NASA.AD.ETN.COM Account Domain: NASA.AD.ETN.COM Logon GUID: {A8853ACB-247B-22B5-1920-C4E1B26EAE9F} Service Information: Service Name: SIMTCSEATON12$ Service ID: S-1-5-21-1895723088-473596052-2526530024-155032 Network Information: Client Address: ::ffff:172.20.90.230 Client Port: 65172 Additional Information: Ticket Options: 0x40800000 Ticket Encryption Type: 0x12 Failure Code: 0x0 Transited Services: - This event is generated every time access is requested to a resource such as a computer or a Windows service. The service name indicates the resource to which access was requested. This event can be correlated with Windows logon events by comparing the Logon GUID fields in each event. The logon event occurs on the machine that was accessed, which is often a different machine than the domain controller which issued the service ticket. Ticket options, encryption types, and failure codes are defined in RFC 4120.,62284791

Aug 4 06:21:37 151.110.248.145/151.110.248.145/100.79.107.68 Blue%20Coat%20SG-S500%20Series 2019-08-04 11:21:36 119901 172.20.90.230 200 TCP_TUNNELED 9608 14162 CONNECT tcp r20swj13mr.microsoft.com 443 / - E0083088 - 151.110.248.145 - - "Mozilla/5.0 (Windows NT 6.1; Win64; x64; Trident/7.0; rv:11.0) like Gecko" OBSERVED "Eaton_Whitelist;Eaton_Kiosk_list;Eaton_Divestitures_list;R_and_D_Lab_Kiosk;Technology/Internet" - 151.110.248.145 151.110.248.147 72.21.81.200

Aug 6 06:37:18 151.110.248.135/151.110.248.135/100.79.107.68 Blue%20Coat%20SG-S500%20Series 2019-08-06 11:37:18 120 172.20.90.230 404 TCP_ERR_MISS 851 12927 GET http emx-eg-es.tcc.etn.com 80 /enovia/common/emxNavigator.jsp - E0083088 - 151.110.248.135 - - "Mozilla/4.0 (compatible; MSIE 7.0; Windows NT 6.1; WOW64; Trident/7.0; SLCC2; .NET CLR 2.0.50727; .NET4.0C; .NET4.0E; .NET CLR 3.5.30729; .NET CLR 3.0.30729)" DENIED "Eaton_Kiosk_list;Travel" - 151.110.248.135 151.110.248.137 -

GOVERNMENT
EXHIBIT
1:21CR226
22