**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:21-CR-226-PAB-1 |
| | ) | |
| v. | ) | **DECLARATION OF IAN N.** |
| | ) | **FRIEDMAN, ESQ.** |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Ian N. Friedman hereby declares as follows to the best of his knowledge and belief:

1.      I am a partner at the law firm of Friedman Nemecek Long & Grant, LLC, who were attorneys for Defendant Davis Lu until April 1, 2025. I was one of Mr. Lu's lead counsel at trial. I submit this Declaration regarding Defendant Davis Lu's Motion for a New Trial.

2.      On March 5, 2025, the Government put Agent Monica Hantz on the witness stand during trial as its sole rebuttal witness. My colleague, Eric Nemecek, was sick that day and could not attend trial. I handled objections and cross examination of Agent Hantz's rebuttal testimony.

3.      Approximately one hour before Agent Hantz began her direct testimony on rebuttal, the Government disclosed three exhibits to the defense via email: Exhibits 13A, 13B, and 22.

4.      Exhibit 13A purported to consist of screenshots of six email notifications/alerts that Mr. Lu received on August 26, 2019, August 27, 2019, and August 29, 2019, which purportedly showed that the Enovia servers crashed on those dates.

5.      Exhibit 13B purported to be a summary chart of 891 email notifications/alerts that the Enovia servers crashed that Mr. Lu received between June 26, 2019 and September 5, 2019.

6.      Exhibit 22 purported to be four samples from a 95,000 event-log, which purported

to show dates on which Mr. Lu was active on his server.

7.      I objected when the Government introduced Exhibit 13B on the basis that it was not provided in discovery. In response to my objection, the Government represented that the underlying documents were provided to the defense in discovery. Relying on that representation, I withdrew my objection.

8.      I also objected when the Government sought to introduce Exhibit 13A on the basis that the purported email notifications/alerts represented in that exhibit were not provided in discovery. In response to my objection, the Government represented that the underlying documents were provided to the defense in discovery. Again, relying on the Government's representation, I withdrew my objection.

9.      I do not recall seeing the documents that purportedly constitute Exhibits 13A and 13B in the discovery produced to the defense prior to trial. I have, post-trial, been unable to locate these documents within the discovery provided by the government.

Dated:  May 12, 2025
       Cleveland, OH                              _____
                                        Ian N. Friedman, Esq.