**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )   CASE NO.: 1:21-CR-226-PAB-1 |
| | ) |
| v. | ) |
| | ) |
| DAVIS LU, | ) |
| | ) |
| Defendant. | ) |
|   | ) |

## MOTION TO CLARIFY SCHEDULING ORDER AND DEADLINES AND TO VACATE THE SENTENCING DATE

Defendant Davis Lu respectfully requests an order to clarify the current scheduling order and deadlines, and to vacate the sentencing date.

**Background**

On April 8, 2025, the defense filed an Unopposed Scheduling Order for Post-Conviction Filings Dkt. No. 105. In it, the parties agreed that the defense would file any post-trial motions on May 12; the government's opposition would be due two weeks later, on May 26; and any reply would be due June 2. Dkt. No. 105, at 2. Mr. Lu timely filed his motion for new trial. Dkt. No. 108.

While Mr. Lu and the defense were preparing his post-trial motion, Probation filed Mr. Lu's PSR on May 1, 2025. Any objections to the PSR would be due May 15, 2025. *See* Order, May 1, 2025 ("Objections to the report are due to the Probation office within 14 days of this filing."). Therefore, after Mr. Lu filed his motion for a new trial, Mr. Lu requested that the Court continue the deadlines to object to the PSR, on the basis that doing so would be more efficient for both the Court and the defense. The Court granted that motion shortly thereafter. *See* Order, May

13, 2025.

On May 14, 2025, the Government informed defense counsel that it intended to request additional time to respond to Mr. Lu's motion for a new trial and to continue the sentencing hearing. Specifically, the Government sought an additional two weeks to respond to Mr. Lu's motion for a new trial, giving it a total of one month's time. In that same correspondence, the Government proposed vacating the June 23 sentencing date. Defense counsel agreed to vacating the sentencing date, but due to the revocation of Mr. Lu's bond, did not consent to the Government's two-week extension request.

On May 16, the Government filed a motion seeking four additional days to respond to Mr. Lu's motion and to reinstate the deadlines for objections to the PSR. ECF No. 110. Before Mr. Lu's counsel was able to oppose the Government's request to reinstate the PSR-related deadlines, the Court granted the Government's request for additional time. The Government's opposition brief is now due May 30, 2025. The Court's Order did not address the Government's request to reinstate the deadline to respond to the PSR.

**The Defense Respectfully Requests that the Court Clarify Whether the Deadline to Object to the PSR Remains Vacated**

On May 13, the defense filed a motion requesting that the PSR objection date be extended in the interest of efficiency. Dkt. No. 109. The Court promptly granted that request. Order, May 13, 2025. In its most recent motion, the Government requested that the Court reinstate the deadlines for responses to the PSR, Dkt. No. 110 at 1, and that Mr. Lu be ordered to file his responses to the PSR within 14 days of the order of the Court, *id.* at 6. Mr. Lu respectfully requests that the Court decline to revisit these deadlines.

There remains good cause for vacating the deadlines to object to the PSR. Mr. Lu's post-trial filing will not be fully briefed until after the deadline for his objections to the PSR. Moreover,

if the Court grants Mr. Lu's Motion for New Trial, the verdict would be vacated and there would be no need to address the PSR. In addition, due to Mr. Lu's incarceration, it is difficult for counsel to communicate with him, and it is not possible to communicate via e-mail. Counsel is unaware if Mr. Lu has even been provided a copy of the PSR as of this date. Because email is not permitted, any written communication must be done by U.S. mail, an exceedingly slow process. As a result, counsel has not yet had the opportunity to review the PSR with Mr. Lu or considered appropriate objections to the loss calculation or other enhancements.

**The June 23 Sentencing Date Should be Vacated**

The defense respectfully requests that the Court vacate the June 23 sentencing date. If the sentencing date is not vacated, the defense will be required to prepare a sentencing memorandum, which involves a great deal of time and expenditure of Mr. Lu's limited resources. This effort would prove unnecessary if the Court were to grant Mr. Lu's motion for new trial. The new trial motion will not be fully briefed until June 6,[1] and may not be decided for weeks after that. If Mr. Lu's request for oral argument is granted, the timeline will likely be pushed further. It is premature to focus time and attention on the PSR and sentencing memoranda when the motion for new trial is still being litigated. Such a process would be inefficient for both the Court and wasteful of Mr. Lu's limited resources.

**Mr. Lu Respectfully Requests the Court to Extend the Deadline for Mr. Lu's Reply Brief to June 6, 2025**

Finally, the defense requests that the Court extend the deadline for Mr. Lu's reply brief. The original agreed briefing schedule provided Mr. Lu with one week for his reply, if any. The

---

[1] The June 6 date assumes the Court will grant the defense the same seven day reply deadline as the parties originally agreed to. *See infra* at 3-4.

new briefing schedule provided the government with an additional four days for its opposition, but did not extend the date for Mr. Lu's reply.[2] Therefore, Mr. Lu respectfully requests his reply brief be due one week after the government's opposition, on June 6. This will afford him the same one week to reply as contemplated by the parties and the Court's original scheduling order.

*       *       *

For these reasons, the defense respectfully requests that the Court order that Mr. Lu's objections to the PSR are not due until 14 days after any denial of his motion for a new trial, vacate the sentencing date, and extend the deadline for Mr. Lu's reply brief to June 6, 2025.

Dated:  May 16, 2025

Respectfully submitted,

 /s/ Peter Zeidenberg
Peter Zeidenberg (*pro hac vice*)
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6000
Fax: (202) 857-6395
peter.zeidenberg@afslaw.com

Apeksha Vora (*pro hac vice*)
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Ph: (212) 457-5420
Fax: (212) 484-3990
apeksha.vora@afslaw.com

*Counsel for Defendant Davis Lu*

---

[2] The government's opposition is currently due May 30, and Mr. Lu's reply is due on June 2.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 16, 2025, a true and correct copy of the foregoing was served by the

Court's CM/ECF system on all counsel of record.

                                       */s/ Peter Zeidenberg*
                                       Peter Zeidenberg