# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:21-CR-226-PAB-1 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT DAVIS LU'S
OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT**

Defendant Davis Lu respectfully notes the following objections to the Pre-Sentence Investigation Report.

**Par. 23 (Adjustment for Sophisticated Means):**

The PSR improperly applies a two-level adjustment for sophisticated means (PSR ¶ 23) because the government has not proven that Mr. Lu intentionally engaged in conduct constituting sophisticated means and because it results impermissible double-counting.

*First*, the Court should decline to apply this enhancement because it is available only if the "offense otherwise involved sophisticated means *and* the defendant *intentionally* engaged in or caused the conduct constituting sophisticated means[.]" U.S.S.G. § 2B1.1(b)(10). Sophisticated means refers to "*especially* complex or *especially* intricate offense conduct pertaining to the execution or concealment of an offense." *Id.* cmt. 9(B) (emphasis added). Sophistication of the overall scheme, as opposed to the defendant's own conduct, is insufficient. Amend. 792, App'x C (amending sophisticated means enhancement to "narrow[] the focus" of the enhancement). The government has not proven that Mr. Lu used "*especially* complex or *especially* intricate" means here relating to the offense. The sophisticated means enhancement should thus not apply.

*Second*, even if the government has satisfied its burden regarding this enhancement, the sophisticated means enhancement should not apply here because its application results in impermissible double-counting. Impermissible double-counting "occurs when one part of the Guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the Guidelines." *United States v. Bunke*, No. 3:08 CR 65-1, 2009 WL 650287, at *6 (N.D. Ohio Mar. 11, 2009). Here, the sophistication of the scheme is subsumed by the base offense level, which is based on Mr. Lu's conviction under 18 U.S.C. § 1030(a)(5)(A). U.S.S.G. App'x A at 575 (listing § 2B1.1 as the relevant guideline for convictions

1

under 18 U.S.C. § 1030(a)(5)); *id.* § 2B1.1(a)(2).

18 U.S.C. § 1030(a)(5)(A) already contemplates the use of sophisticated means: it prohibits the knowing transmission of a program, information, code, or command that intentionally causes damage to a protected computer. By its very definition, a conviction under this statute requires knowledge of sophisticated computer programming that can cause damage. *United States v. Michaud*, No. CR 21-0666 JB, 2024 WL 51173, at *20 (D.N.M. Jan. 4, 2024) (in another context, describing unauthorized computer access and fraud as a "more sophisticated crime[]"). Moreover, courts in other circuits "recognize that the 'sophisticated means' enhancement for what it is: a double counting." *U.S. v. Faibish*, 12-CR-265 (ENV), 2015 WL 4637013, at *4 (E.D.N.Y. Aug. 3, 2015). In *Faibish*, the court declined to apply the sophisticated means enhancement where Sentencing Commission data showed the enhancement was applied in 13.1% of all § 2B1.1 offenses in 2012. *Id.* As a result, the application of the sophisticated means enhancement results in double-counting, and it should not be applied here.

**Par. 24 (Adjustment under § 2B1.1(b)(19)(A)(ii)):**

As set forth above, Mr. Lu's base offense level is determined by his conviction under 18 U.S.C. § 1030(a)(5)(A). App'x A at 575. The PSR then further increases this base level by *four levels* under § 2B1.1(b)(19)(A)(ii) (the "§ 1030(a)(5) enhancement"). PSR ¶ 24. Under the Guidelines, the offense level should be increased by four levels "[i]f the defendant was convicted of an offense under . . . 18 U.S.C. § 1030(a)(5)(A)." U.S.S.G. § 2B1.1(b)(19)(A)(ii). In other words, the PSR increases Mr. Lu's base offense level—which was set because he was convicted under 18 U.S.C. § 1030(a)(5)(A)—by four levels simply because Mr. Lu was convicted of a crime *under that same statute*. This constitutes impermissible double-counting.

Double-counting occurs where "a single aspect of the defendant's conduct both determines *his offense level and triggers an enhancement*." *United States v. Eversole*, 487 F.3d 1024, 1030 (6th Cir. 2007) (internal citations and quotations omitted) (emphasis added). Such is the case here. The application of the § 1030(a)(5) enhancement does not penalize a "distinct aspect" of Mr. Lu's conduct. *United States v. Perkins,* 89 F.3d 303, 307–10 (6th Cir.1996). Rather, the same conduct is being penalized twice—once as part of the base offense level, and again as a specific offense characteristic. *See United States v. Hickman*, 766 F. App'x 240, 251 (6th Cir. 2019) (noting that the "relative inquiry is . . . whether "the base offense level" for which the defendant is sentenced includes the same conduct as the enhancement."). This is the epitome of impermissible double-counting.

**Par. 23 & 24 (Cumulative Effect):**

The "cumulative effect of [these] enhancements has a significant effect upon the applicable sentencing range," so a downward departure is warranted. *U.S. v. Lauersen*, 348 F.3d 329, 344 (2d Cir. 2003), *vacated on other grounds*, 543 U.S. 1097 (2005). Here, the application of both the sophisticated means enhancement and the § 1030(a)(5) enhancement improperly increases Mr. Lu's Guidelines range by six levels.

Where "the cumulation of such substantially overlapping enhancements, when imposed upon a defendant whose adjusted offense level translates to a high sentencing range, presents a

2

circumstance that is present 'to a degree' not adequately considered by the Commission," it is appropriate for "a sentencing judge to make a downward departure." *Id.* (quoting 18 U.S.C. § 3553(b)(1)). In *U.S. v. Savin*, No. 00-CR-45-(RWS), 2004 WL 1161323, at *9 (S.D.N.Y. May 25, 2004), the court departed downward where the application of multiple enhancements had a "cumulative effect." Although the departure did "not eliminate" the cumulative effect of the overlapping enhancements, it "diminish[ed]" the effect by reducing the defendant's sentencing range minimum by 18 months. *Id.* Likewise, here, the application of the sophisticated means enhancement and the § 1030(a)(5) enhancement are substantially overlapping and have a cumulative effect, especially when considered with the base offense conduct. The combination of these enhancements thus have the cumulative effect of imposing a much higher sentencing range than is necessary by increasing the range by a minimum 24 months.

### Par. 30 (Acceptance of Responsibility):

The failure of the PSR to apply a three-level deduction for acceptance of responsibility improperly subjects Mr. Lu to an unconstitutional trial penalty. *See United States v. Tavberidze*, 769 F. Supp. 3d 264, 272–73 (S.D.N.Y. 2025) (Rakoff, J.). *But see United States v. Gray*, 641 F. App'x 462, 469 (6th Cir. 2016). In *Tavberidze*, Judge Rakoff found that Section 3E1.1(b) violates the Sixth Amendment right to trial because it subjects "a defendant to a heightened Guidelines range based solely on his decision to proceed to trial[.]" *Id.* at 271. Even though the Guidelines are no longer mandatory, "in practice, a district judge may . . . unintentionally [enforce Section 3E1.1's trial penalty] by imposing a sentence within a defendant's heightened Guidelines range." *Id.* at 272. Although Judge Rakoff did not reach the question of whether Section 3E1.1(a) was also an unconstitutional trial penalty, he nevertheless treated the defendant "as having the equivalent of a Guidelines range three points less than what the formal Guidelines calculation would otherwise mandate," effectively applying the full three-point deduction for acceptance of responsibility. *Id.* at 273; *see also* § 3E1.1(a) (two-point deduction for acceptance of responsibility); § 3E1.1(b) (additional one-point deduction for "permitting the government to avoid preparing for trial").

At least one other court has expressed concern in how Section 3E1.1 "effectively acts as a trial penalty." *United States v. Abraham*, 498 F. Supp. 3d 175, 183 (D. Mass. 2020), *aff'd,* 63 F.4th 102 (1st Cir. 2023). In *Abraham*, the court varied downward to sentence the defendant within the Guidelines range that represented a three-level deduction, despite that the defendant proceeded to trial. 498 F. Supp. 3d at 185. The court noted:

> [T]hose who exercise their constitutional right to a trial before a jury of their peers suffer a more severe penalty than those who cop a plea, ostensibly because we wish to provide leniency to those others who "accept responsibility," but really because they have inconvenienced the government by forcing it to undergo the expense and uncertainty of a trial. Significant scholarship confirms these concerns are not merely theoretical. A recent statistical analysis of federal sentences looked at 207,352 federal criminal convictions from 2006-2008 available in a database maintained by the United States Sentencing Commission to examine whether defendants suffered a penalty for going to trial, and if so, its extent. The study found that, after controlling for the two-to-three point reduction provided by section 3E1.1, defendants convicted at trial received a sixty-four percent longer sentence than similar defendants who pled guilty to similar crimes. . . . Recent data also

indicates that a mere three percent of defendants go to trial. In practice, this means that the section 3E1.1 reduction is the norm in all but a small subset of cases because it is applied almost automatically. . . . As a result, approximately ninety-six percent of sentenced defendants received either the two- or three-levels off their guidelines calculation for "acceptance."

*Id.* 183–85 (internal citations omitted). In *Abraham*, had the defendant "pled guilty, his guideline range would have been 210-262 months . . . . **Solely because he went to trial, however** – a jury trial guaranteed by Article III of the United States Constitution – the recommended sentencing range is 292-365 months." *Id.* at 185 (emphasis in original). Finding that the "strikingly disparate sentencing ranges (which do not even come close to overlapping)" did not "square with the statutory mandate – 'sufficient, but **not greater than necessary**,'" particularly where the "Commission counsels the huge bulk of similarly situated defendants ought be sentenced within the lower range," the court departed downward. *Id.*

The same is true here. Had Mr. Lu not proceeded to trial and instead accepted the attractive plea offer he received, the PSR would have automatically applied the three-level deduction under Section 3E1.1. This would have decreased Mr. Lu's Guideline range from 51–63 months to 37–46 months. Like in *Abraham*, these ranges "do not even come close to overlapping," and thus, the failure to apply the three-level deduction constitutes a trial penalty.

Dated:  July 21, 2025

Respectfully submitted,

 /s/ Peter Zeidenberg
Peter Zeidenberg (*pro hac vice*)
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Ph: (202) 857-6000
Fax: (202) 857-6395
peter.zeidenberg@afslaw.com

Apeksha Vora (*pro hac vice*)
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Ph: (212) 457-5420
Fax: (212) 484-3990
apeksha.vora@afslaw.com

*Counsel for Defendant Davis Lu*

## CERTIFICATE OF SERVICE

I certify that on July 21, 2025, a true and correct copy of the foregoing was served on counsel of record.

_/s/ Peter Zeidenberg_
Peter Zeidenberg