# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:21-CR-226-PAB-1 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIS LU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT DAVIS LU'S RESPONSE TO GOVERNMENT'S OBJECTIONS TO PRE-
SENTENCE INVESTIGATION REPORT**

Defendant Davis Lu respectfully notes the following supplemental objections to the Government's objections to the Pre-Sentence Investigation Report (the "PSR"):

**Application of U.S.S.G. § 3B1.3 (Adjustment for Abuse of Trust/Special Skills):**

In its objections to the PSR, the government improperly seeks the application of a two-level enhancement for abuse of a position of trust, or alternatively, for use of a special skill under U.S.S.G. § 3B1.3. *See* Government Objections to PSR (the "Gov't Obj.") at 1. The application of this enhancement under either ground would be without basis.

A.     Mr. Lu did not occupy a position of trust.

*First*, Mr. Lu did not occupy a position of trust, so application of § 3B1.3 on that basis is not warranted. Under the Guidelines, a position of private trust is "characterized by professional or managerial discretion." U.S.S.G. § 3B1.3, cmt. 1. This means "substantial discretionary judgment that is ordinarily given considerable deference." *Id.* The Sixth Circuit has explained that abuse of trust must involve a fiduciary-like relationship between the defendant and victim, and does not apply where an employee simply violates his employer's trust by violating the law and thereby harming the employer. *See United States v. Tatum*, 518 F.3d 369, 373 (6th Cir. 2008).

The *Tatum* court explained that "the rationale for the sentencing enhancement at issue here is virtually analogous to the type of punishment routinely administered for violating a fiduciary duty, which involves a higher duty than is placed upon persons that do not occupy positions of trust." *Id.* at 373 (quoting *United States v. Gilliam*, 315 F.3d 614, 618 (6th Cir. 2003)) (vacating sentence where § 3B1.3 enhancement was erroneously applied). The Guidelines provide examples of relationships that would warrant the enhancement and those "translate directly to the types of relationships where a 'fiduciary duty' exists by implication (e.g., physician-patient, lawyer-client, officer-organization, etc.)." *Id.* (internal quotations omitted) (quoting *Gilliam*, 315 F.3d at 618). "[M]isplaced reliance and lack of supervision" by an employer over an employee is not the "sort

1

of institutionalized and necessary trust relationship" that the abuse of trust enhancement is meant to discourage. *United States v. Brogan*, 238 F.3d 780, 786 (6th Cir. 2001) (reversing application of § 3B1.3 enhancement and remanding for resentencing where district court improperly applied enhancement to assistant treasurer who misappropriated nearly $8 million from employer).

In *Tatum*, the Sixth Circuit found that the defendant, like Mr. Lu, "functioned as a regular employee of the company, not as a fiduciary like employee," so application of an enhancement under § 3B1.3 was not warranted. *Tatum*, 518 F.3d at 374. In so finding, the Sixth Circuit explained:

> While [the defendant's employer] was injured because Tatum abused her position, the company at no time gave Tatum discretion to exercise her judgment or assert control over the finances of the company. While its [sic] true that Tatum's fraud went undetected for so long because her actions were largely unsupervised, the touchstone for a finding that the defendant occupies a position of trust is not necessarily the amount of supervision the person receives, although that is an important factor to consider, but rather the amount of discretion the person has in his or her employment.

*Id.* (internal quotations and citations omitted).

That Mr. Lu had what the Government characterizes as a very important job at Eaton, or that his conduct "contravened the duties of his position" is of no moment. What is critical is that Mr. Lu was not given the type of "**substantial** professional or managerial *discretion*" that is required for the application of this enhancement. *United States v. Sweet*, 630 F.3d 477, 482 (6th Cir. 2011) (bold emphasis in original, italic emphasis added) (finding district court erred in application of § 3B1.3 enhancement); *see also United States v. Humphrey*, 279 F.3d 372, 380 (6th Cir. 2002) (noting that "[t]his discretion should be substantial and encompass fiduciary-like responsibilities"). The Government does not point to any discretion that was inherent in Mr. Lu's position. Instead, the government focuses on Mr. Lu's "access" and "authority," including that he was a "often directly called upon for customer support" and was a "key computer programmer." Gov't Obj. at 2. But Eaton's customers were not the alleged victims of Mr. Lu's conduct, and any discretion Mr. Lu may have had did not involve fiduciary-like responsibilities that would warrant the application of an enhancement for abuse of position of trust.

> B.   The application of a special skills enhancement, when combined with the sophisticated means enhancement, results in impermissible double-counting, or in the alternative, has a cumulative effect that warrants a downward departure.

*Second*, the application of § 3B1.3 on the basis that Mr. Lu used a special skill is improper because it results in impermissible double-counting with the sophisticated means enhancement, or in the alternative, will have a cumulative effect that warrants a downward departure.

Impermissible double-counting "occurs when one part of the Guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the Guidelines." *United States v. Bunke*, No. 3:08 CR 65-1, 2009 WL 650287, at *6 (N.D. Ohio Mar. 11, 2009). Here, the two-level enhancement for sophisticated means addresses

the type and nature of the conduct at issue, and already accounts for the harm that would be reflected by the application of the special skills enhancement. The same conduct, and type of conduct, cited by the government as evidence of Mr. Lu's use of a special skill is of the same type and nature as the conduct cited by probation to support the sophisticated means enhancement. *See*, PSR ¶ 23:

> **Specific Offense Characteristics:** Pursuant to subsection (b)(10)(C), if the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means, increase by 2 levels. The defendant used sophisticated means when he created malicious code to cause the servers at the Eaton Corporation to crash. Additionally, he used a computer program, Cipher, which was designed to overwrite deleted files and/or free space on a computer hard drive to hide the evidence that he caused the server crash. The use of Cipher made deleted files unrecoverable by forensic software.[1]

In arguing for this enhancement, the Government now simply describes in greater detail how Mr. Lu "created malicious code to cause the servers at Eaton Corporation to crash." Where "the same conduct" is characterized "in two different ways to arrive at two separate sentence enhancements that result in an upward adjustment of the sentencing range," both enhancements should not be applied. *United States v. Baxter*, No. 04 CR 371-1, 2006 WL 1155872, at *3 (N.D. Ill. Apr. 27, 2006) (declining to apply both the special skills and sophisticated means enhancements because to do so "would result in inappropriate double counting").

In the alternative, the cumulative impact of applying the special skills enhancement *and* the sophisticated means enhancement will have "a significant effect upon the applicable sentencing range," so a downward departure is warranted. *U.S. v. Lauersen*, 348 F.3d 329, 344 (2d Cir. 2003), *vacated on other grounds*, 543 U.S. 1097 (2005). By adding the special skills enhancement to the sophisticated means and the § 1030(a)(5) enhancements, Mr. Lu's Guidelines range increases by an additional two levels.

Where "the cumulation of such substantially overlapping enhancements, when imposed upon a defendant whose adjusted offense level translates to a high sentencing range, presents a circumstance that is present 'to a degree' not adequately considered by the Commission," it is appropriate for "a sentencing judge to make a downward departure." *Id.* (quoting 18 U.S.C. § 3553(b)(1)). Here, the special skills enhancement, along with the sophisticated means and the § 1030(a)(5) enhancements, are substantially overlapping and have a cumulative effect, especially when considered with the base offense conduct. The combination of these enhancements thus have the cumulative effect of imposing a much higher sentencing range by increasing the offense level from level 6 to level 28—a nearly 500 percent increase.

---

[1] Note as well that Probation maintains that Mr. Lu should receive an enhancement for sophisticated means for his use of Cipher to cover his tracks, and also relies on this same conduct to base its obstruction of justice enhancement.

3

Dated:  July 25, 2025

Respectfully submitted,

 /s/ Peter Zeidenberg
Peter Zeidenberg (*pro hac vice*)
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Ph: (202) 857-6000
Fax: (202) 857-6395
peter.zeidenberg@afslaw.com

Apeksha Vora (*pro hac vice*)
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Ph:  (212) 457-5420
Fax:  (212) 484-3990
apeksha.vora@afslaw.com

*Counsel for Defendant Davis Lu*

4

## CERTIFICATE OF SERVICE

I certify that on July 25, 2025, a true and correct copy of the foregoing was served on counsel of record.

<i>/s/ Peter Zeidenberg</i><br>Peter Zeidenberg