IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR226 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIS LU, | ) | GOVERNMENT'S RESPONSE TO LU'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, David M. Toepfer, United States Attorney; Daniel J. Riedl and Brian S. Deckert, Assistant United States Attorneys; and Candina S. Heath, Senior Counsel, Department of Justice Computer Crime and Intellectual Property Section, and hereby responds to Davis Lu's Sentencing Memorandum.  (R. 121: Sentencing Memorandum, PageID 3036-70).  The claims made in Lu's sentencing memorandum regarding pretrial plea negotiations are incorrect.

Lu's sentencing memorandum alleges that, "Prior to trial, however, the government had advised prior counsel that, in exchange for a plea, the government was willing to recommend a non-custodial sentence."  (R. 121: Sent. Memo., PageID 3053).  This statement is inaccurate.  In September of 2023, the government rejected Mr. Lu's request for pre-trial diversion and instead proposed that Mr. Lu plead guilty to the indictment charging him with a violation of 18 U.S.C. § 1030(a)(5)(A) - the same statute Mr. Lu was convicted of at trial.  In its email, the government stated, "We would be willing to consider an agreement that does not bind either party to a sentencing recommendation, leaving you free to argue for whatever enhancements, departures, or variances you believe appropriate."  (Exhibit 1).  In May of 2024, the government forwarded the

September 2023 email and noted that, "The Government's position remains unchanged." (Exhibit 2).  In February of 2025, the government again forwarded the September 2023 email and repeated the "proposal that Mr. Lu enter a plea to the one-count indictment."  (Exhibit 3). The government also set forth its estimated guideline calculation, which, with the exception of the two-level enhancement found in paragraph 27 and a two-level reduction in paragraph 30, correctly anticipated the guidelines calculation contained in the final presentence report. (R. 118: PSR, PageID 2965-67).

Thus, the government did not offer Lu a non-custodial sentence.  The government's position was clear and consistent: it would agree to a plea to the indicted count of 18 U.S.C. § 1030(a)(5)(A), leaving sentencing recommendations unconstrained.  The government's estimated guidelines, provided to the defense and later largely adopted by the final presentence report, did not contemplate a non-custodial sentence.  The proposed resolution was the equivalent of an open plea and did not include an agreement to a non-custodial sentence.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:   /s/ Brian S. Deckert_____
      Daniel J. Riedl (OH: 0076798)
      Brian S. Deckert (OH: 0071220)
      Assistant United States Attorneys
      United States Court House
      801 West Superior Avenue, Suite 400
      Cleveland, OH 44113
      (216) 622-3669/3873
      (216) 685-2378 (facsimile)
      Daniel.Riedl@usdoj.gov
      Brian.Deckert@usdoj.gov

/s/ Candina S. Heath
Candina S. Heath (TX #09347450)
Senior Counsel
U.S. Department of Justice Criminal Division
Computer Crime & Intellectual Property Section
1301 New York Ave. NW, Suite 600
Washington, DC 20530
(202) 923-5211
Email: Candina.Heath2@usdoj.gov