Outlook

GOVERNMENT
EXHIBIT
2
1:21CR226

## FW: USA v. Davis Lu | 1:21CR226

**From** Deckert, Brian (USAOHN) <BDeckert@usa.doj.gov>

**Date** Wed 5/1/2024 2:55 PM

**To** Ian Friedman <inf@fanlegal.com>; ecn@fanlegal.com <ecn@fanlegal.com>

**Cc** Riedl, Daniel J. (USAOHN) <DRiedl@usa.doj.gov>

📎 1 attachment (39 KB)

image001.png;

Ian/Eric,

The below email was sent after our meeting and does contain the Government's proposal to resolve the matter at the bottom.  The Government's position remains unchanged.  Thank you.

Brian S. Deckert
Assistant United States Attorney
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone: (216) 622-3873
Cell: (216) 318-2658
Brian.Deckert@usdoj.gov



**From:** Deckert, Brian (USAOHN) <BDeckert@usa.doj.gov>
**Sent:** Friday, September 15, 2023 8:59 AM
**To:** inf@fanlegal.com; ecn@fanlegal.com
**Cc:** Riedl, Daniel J. (USAOHN) <DRiedl@usa.doj.gov>
**Subject:** USA v. Davis Lu | 1:21CR226

Dear Mr. Friedman,

During our meeting on September 13, 2023, you inquired about the possibility of entering into a pre-trial diversion agreement between the Government and your client, Davis Lu.  The United States does, on occasion, provide alternatives to criminal prosecution for select persons by placing them in a program of supervision administered by the United States Pretrial Services and Probation Office.  The objectives of the program are to preserve prosecutorial and judicial resources for serious criminal matters, and to provide alternative treatment and intervention to those individuals for whom traditional prosecution may

be less effective.  Participation is the Pretrial Diversion Program is voluntary, not accessible to all defendants, and available only to selected individuals. A selected individual must provide a statement admitting responsibility for his conduct that satisfies each element of the charged offense.

Various factors are examined when selecting individuals to participate in the pre-trial diversion program. Priority for diversion is generally afforded to young offenders, those with substance abuse or mental health challenges, veterans, and others.  Above all, the USAO must be mindful of its obligations to victims under the Victims' Rights and Restitution Act, 34 U.S.C. § 20141, the Crime Victims' Rights Act, 18 U.S.C. § 3771, and other applicable statutes.

In the instant matter, Mr. Lu would not qualify as a candidate for participation in the pre-trial diversion program.  Mr. Lu does not fall into one of the categories of types of defendants that the program is designed to prioritize.  The purpose of the pre-trial diversion program is to preserve resources for serious criminal matters by diverting less serious matters for select individuals.  In this case, Mr. Lu is charged with a serious criminal matter that warrants the expenditure of federal resources to prosecute.  Mr. Lu is accused of intentionally damaging a protected computer and causing serious disruptions to a victim company.  Evidence collected by the United States demonstrates that the victim suffered serious harm for a lengthy period of time.  During this period, Mr. Lu did not attempt to correct his actions or offer assistance which would demonstrate remorse.  There is evidence that Mr. Lu developed other malicious programs in the years before the events described in the indictment.  Further, when Mr. Lu was requested to return his company-issued laptop, he first attempted to erase the data contained therein, potentially to cover up his criminal conduct.

The government is also mindful that Mr. Lu's work laptop contained an unauthorized encrypted vault that, to this day, remains unopened.  The government believes this vault likely contains additional evidence of Mr. Lu's criminal conduct.  If Mr. Lu would like to demonstrate that this assessment is wrong and possibly aid his argument for a favorable resolution of this matter, we would respectfully request that he provide the necessary instructions to open the vault.  To the extent the information in the vault is exculpatory or otherwise discoverable, we would of course provide it to you.

Based upon our conversations, it appears that Mr. Lu may wish to contest that the programs he deployed on Eaton's servers were intended to cause damage.  If this remains his position, it does not appear that Mr. Lu would be able to successfully complete a statement in which he admits the elements in the charged offense.  Finally, the USAO must be mindful of our responsibilities to the victim in this matter. For all of these reasons, we conclude that pre-trial diversion would not accomplish the goals of criminal prosecution.

While any formal plea offer would require approvals within our office and consultation with the Computer Crimes and Intellectual Property Section in D.C., we would be willing to discuss a plea to one count of Intentionally Damaging a Protected Computer, in violation of 18 U.S.C. § 1030(a)(5)(A).  We believe this offense would carry a base offense level of 6.  At this time, the government is not aware that Mr. Lu has any criminal history.  We would be willing to consider an agreement that does not bind either party to a sentencing recommendation, leaving you free to argue for whatever enhancements, departures, or variances you believe appropriate.  If this is something that your client would be interested in, please let us know and we will prepare a draft plea agreement for your review.

Very truly yours,

Brian S. Deckert
Assistant United States Attorney
Northern District of Ohio
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone: (216) 622-3873

Cell: (216) 318-2658

Brian.Deckert@usdoj.gov

